[Cr. A. No. 41. Appellate Department, Superior Court, Los Angeles County.—January 15, 1930.]

## THE PEOPLE, Respondent, v. K. M. STEWART, Appellant.

(1 Cal. Supp. 18.)

Paul G. McIver for Appellant.

Louis H. Burke for Respondent.

SHAW, J.—The defendant was convicted on a charge of driving an automobile forty miles per hour in a twenty-mile zone, and appeals from the judgment. The complaint, which was·in substantially the language just used in stating it, is inartificially drawn, but no point is made on this appeal in regard to it, and we proceed on the assumption that it is sufficient.

All of the points specified as grounds of appeal resolve themselves into the contention that the trial court did not follow the provisions of section 155 of the California Vehicle Act, as amended in 1929, and for that reason it had no jurisdiction to render a judgment of conviction. The respondent has also raised the question whether this section of the act is constitutional. But in view of the conclusion to which we have come as to its interpretation, we do not deem it necessary for the purposes of this case to express any opinion on the constitutional question.

Section 155, after defining and prohibiting speed traps, provides:

"Every officer when on duty for the purpose of enforcing the provisions of this act shall be dressed in a full distinctive uniform, and no officer shall use an automobile for patrolling public highways in the performance of such duty, unless such automobile is painted a distinctive color such as may be determined upon by the division of motor vehicles.

"In any prosecution under this act upon a charge involving the speed of a vehicle, any officer or officers arresting or participating or assisting in the arrest of the person so charged shall be incompetent as a witness or witnesses if any speed trap was used in such arrest, or when an automobile was used by such officer or officers in violation of the provisions of this act, or the officer or officers were not in full uniform, and the court shall be without jurisdiction to render a judgment of conviction upon the testimony procured by the use of a speed trap or by any such officer or officers so using an automobile not in conformity with the act or not in full uniform."

This case requires an interpretation of this section only as it relates to the use of an automobile by officers, and the questions arising are whether the provisions in regard thereto apply to all officers who may chance to be on a public highway and there arrest a defendant for speeding, or only to those who are patrolling the public highways for the purpose of enforcing the provisions of the act; and also, whether the burden of showing the facts in this matter rests upon the prosecution or the defense.

To the first question stated, the provisions of section 155 afford a ready answer. The testimony of arresting officers is to be excluded "when an automobile was used by such officer or officers in violation of the provisions of this act." All other cases are to be governed by the general rules of evidence, which view an officer in the same light as a private citizen and permit the testimony of either as to any fact of which he has knowledge. To discover what is a violation of the provisions of this act, we look at the preceding sentence of section 155, and there see that "no officer shall use an automobile for patrolling public highways in the performance of such duty" (that is, the "duty for the purpose of enforcing the provisions of this act," mentioned in the previous part of the sentence), "unless such automobile is painted a distinctive color such as may be deter-

mined upon by the division of motor vehicles.'' That is, the limitation on the testimony of an arresting officer applies only to cases where such officer was at the time of the arrest patrolling public highways for the purpose of enforcing the provisions of the act, and in such cases excludes his testimony only if, in the performance of that duty, he used an automobile not painted the distinctive color designated by the division of motor vehicles. The provision under consideration was clearly not intended to apply to a case where an officer may have been on a highway for some purpose disconnected with the Vehicle Act, e. g., the pursuit of criminals or his own private affairs, and does not forbid him to turn aside from such purpose in order to arrest a speeder. Such a casual arrest does not, of itself, require the conclusion that the officer was patrolling public highways for the purpose of enforcing the Vehicle Act. ■ Any broader construction of this limitation than we give it would ignore some of the words of the statute, contrary to the well-known rule of statutory construction that ''it is fundamental that, if possible, a statute or code section should be construed so as to give meaning and effect, not only to the statute or code section as a whole, but to each and every part thereof —i. e., to every word and clause, and certainly to every distinct or coordinate provision or section. . . . Words should never be considered unnecessary and surplusage, if a reasonable construction can be adopted which will give force to and preserve all the terms of the statute.'' (23 Cal. Jur. 758, 759.)

■ Upon whom rests the burden of showing the facts which disclose whether the arresting officer violated the provisions of the act? Appellant contends that the prosecution must make this proof as a foundation for introducing the testimony of the officer, relying on the concluding provision of the section that the court shall be without jurisdiction to render a judgment of conviction on the testimony of an officer who has violated the law, and the rule that the jurisdiction of an inferior court will not be presumed, but must be established by the party relying on it. The rule referred to is well established, but we do not think it applies to the present case in the manner claimed by appellant. The jurisdiction of the trial court over the case was shown, within the meaning of this rule. Section 155 does not de-

clare that an officer who is using an automobile in violation of its terms shall not arrest a speeder, or that one so arrested shall not be prosecuted, or that any court shall not have jurisdiction of a criminal proceeding against him. The jurisdiction of the trial court attached to this case upon the filing of a complaint charging an offense of which jurisdiction is conferred by law upon it and the bringing of the defendant before it (*Roberts* v. *Police Court*, 185 Cal. 65 [195 Pac. 1053]; *Fleming* v. *Superior Court*, 196 Cal. 344 [238 Pac. 88]), and that jurisdiction continued at least. through the trial and until judgment. The general rule is that a court which once acquires jurisdiction of a cause retains it until the cause is disposed of. The utmost effect of the provision relied on by appellant, assuming that it is valid and the word ''jurisdiction'' is used in its ordinary sense, is to divest the court of its jurisdiction when a lack of competent evidence appears at the time of judgment.

In such a situation we think the presumption as to the continuance of an existing condition (Code Civ. Proc., sec. 1963, subd. 32) may be applied even to the jurisdiction of an inferior court, and since the court had jurisdiction of the case at the beginning and through the trial, it should be presumed that such jurisdiction continued, unless and until the contrary is shown.

The exclusionary rule of section 155 goes to the competency of the arresting officer as a witness under the conditions stated and is similar in nature and effect to the rules declaring that other witnesses occupying certain relations to the parties, or to the facts, are not competent, such as attorneys, physicians, clergymen, husband and wife, etc. (Code Civ. Proc., secs. 1880, 1881.) In fact, the similar provision excluding an arresting officer's testimony in case of a speed trap, contained in the 1923 amendment of section 155, was likened to these other exclusionary rules in *Fleming* v. *Superior Court*, 196 Cal. 344, 351 [238 Pac. 88]. As to all such rules making witnesses incompetent as to particular facts or under particular conditions, the burden is on the party asserting a witness' incompetency to show it, unless such a showing already appears in the record. (5 Jones on Evidence, 2d ed., sec. 2085; 28 R. C. L. 448; *People* v. *Craig*, 111 Cal. 460 [44 Pac. 186]; *People* v. *Tyree*, 21 Cal. App. 701, 706 [132 Pac. 784]; *People* v. *Harden*, 24

Cal. App. 522, 523 [141 Pac. 1075]; *People* v. *Holloway,* 28 Cal. App. 214, 218 [151 Pac. 975].) "A person offered as a witness is presumed to be competent, if he appears to be of sufficient age and mental capacity, and the burden rests upon the objecting party to show incompetency by a preponderance of evidence." (40 Cyc. 2239.)

"Where a witness is incompetent to testify at all, the objection to his competency must be made when he is offered as a witness and before he is sworn and if not made then is waived, unless the grounds of incompetency become apparent only after the examination of the witness is commenced, in which case an objection must be taken at once, or it will be construed as waived. (40 Cyc. 2237.)

"The competency or incompetency of a witness may be made to appear by a *voir dire* examination, or outside evidence, or during the course of his own testimony. It is the right of the party against whom a witness is called to have him put on his *voir dire* and to question him in order to test his competency." (40 Cyc. 2240.)

The rules just stated are properly applicable to the provisions of section 155 declaring that arresting officers are incompetent as witnesses under certain conditions. These provisions are in the nature of exceptions to the general rule that all persons of sufficient age and intelligence are competent witnesses and the burden is on the defendant who claims that the officers are incompetent under this section to show the facts from which their incompetency arises.

It is obvious that the provision as to the jurisdiction of the court is merely ancillary to that rendering the officer's testimony incompetent, and is in the nature of a penalty to secure its enforcement. Hence, one who has failed to avail himself of the provision as to incompetency by making the proper showing should not be heard to assert a loss of jurisdiction. Even if we suppose that both the provision as to the evidence of officers and that as to the jurisdiction of the court are merely adjuncts to a general purpose of the legislature to keep traffic officers on the highway as a means of repressing reckless and unlawful driving, as suggested in *Fleming* v. *Superior Court, supra,* in regard to the speed trap law, yet both provisions are in the nature of exceptions to the general rules as to competency and jurisdiction, and

we think the burden is upon one who relies upon the existence of either exception to show it.

In the case at bar, it appears from the record that at the beginning of the trial and before any witnesses were called or sworn the defendant objected to the introduction of any evidence upon the ground that the court had no jurisdiction, basing his objection on section 155 of the Vehicle Act, and this objection was overruled. It follows from what we have already said that there was no error in this ruling. The court had jurisdiction to proceed and to convict the defendant on any proper evidence. This general objection cannot be regarded as an objection to the competency of witnesses who had not yet been produced, and who were not named in the objection. After this objection was overruled two police officers of the city of Montebello were called and sworn, and upon their testimony alone the defendant was convicted. From the testimony of one of them it appeared that they saw the defendant speeding and chased and arrested him, and that they were riding at the time on a public street, in a police car which was painted black; whereupon the defendant objected to any further testimony from the witness on the ground that he was incompetent under section 155, because the automobile was not painted as required by that section. This objection was overruled. The facts testified to by the witness did not show his incompetency, for the reason that it did not appear that he was patrolling the street for the purpose of enforcing the Vehicle Act. The defendant made no request to examine the witness further in this respect, and did not offer to show any further facts than the witness had stated. There was, therefore, no error in the ruling.

The court in overruling one of the above-mentioned objections stated, as a reason for its action, that it had not received any official notice of the action of the motor vehicle department in designating white as the color to be used on automobiles subject to section 155. This was not a sufficient reason for the ruling. The act of the motor vehicle department, under section 155, in designating the distinctive color for automobiles is a public act of the executive department of this state, and the courts must therefore take judicial notice of it under subdivision 3, section 1875, of the Code

of Civil Procedure. No notice of such action is necessary to any court or person.

For the foregoing reasons the judgment is affirmed.

McLucas, P. J., and Bishop, J., concurred.