Opinion
MARSHALL, J.
In this case a helicopter was the instrument used by the police to establish the speed of the defendant. The defendant appealed from his conviction for speeding and raised the defense that the helicopter and the procedure used by it constituted a speed trap.
Affirmance is dictated by In re Beamer (1955) 133 Cal.App.2d 63, 68 [283 P.2d 356]. In that decision, Mr. Justice Peters declared that the *Supp. 3 only type of “speed trap” prohibited by section 751 of the Vehicle Code (now §§ 40801, 40802 and 40803) is one possessed of four characteristics:
“(1) A particular section of a highway,
(2) measured as to distance,
(3) with boundaries marked, designated or otherwise determined, and
(4) the speed of the vehicle calculated by computing the time it takes the vehicle to travel the known distance. If any one of these elements is absent the device does not fall within the prohibition of this section.”
In this case no “particular section” of the highway was used by the helicopter pilot. Any measured mile would serve his purpose, i.e., to correlate air speed to ground speed. Once he determines by reference to the time he traverses a specific distance, in this case the measured mile, he then employs a chart which informs him as to the ground speed of the helicopter. In the instant case that speed was 78 miles per hour. The officer did not then calculate the speed of the defendant by computing the time it took him to travel a known distance, the fourth characteristic described by Justice Peters. Instead, after determining his ground speed, he then noted that the defendant’s vehicle was traveling at the same speed as the helicopter. As at least two of the characteristics cited in In re Beamer, supra, are absent, the procedure employed in this case does not fall within the prohibition against the use of speed traps.
It should also be observed, as pointed out in In re Beamer, supra, 133 Cal.App.2d at p. 68, that an evil at which the speed trap statute was aimed—a “clocking” of a suspect car by an officer concealed or in hiding—does not here exist. The helicopter, of course, was in plain sight.
The judgment is affirmed.
Alarcon, J., concurred.