[Crim. No. 11195. Fourth Dist., Div. One. July 31, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
ROBERT DARBY, Defendant and Respondent.

COUNSEL

Edwin L. Miller, Jr., District Attorney, William J. Howatt, Jr., and Anthony Lovett, Deputy District Attorneys, for Plaintiff and Appellant.

Michael W. Brennan and Thomas D. Penfield for Defendant and Respondent.

OPINION

**COLOGNE, Acting P. J.**—The judgment of the Municipal Court, El Cajon Judicial District, was affirmed by the Appellate Department of the Superior Court of San Diego County and certified to this court.

Robert Darby was cited for traveling 65 miles per hour in violation of Vehicle Code section 22348, subdivision (a). The People appeared for trial by declaration of California Highway Patrol Officers C. Brown and R. S. Harman.

The facts of the case are not in dispute. Brown in a California Highway Patrol airplane observed a yellow Corvette traveling west on Interstate Highway 8 at what appeared as a speed in excess of 55 miles per hour. The highway is measured and marked at one-mile intervals by the

California Transportation Department in this area. Brown paced the Corvette in his plane from a position slightly to the right rear of the Corvette at approximately 500 feet elevation above the highway. He timed the plane's passing these highway markings and determined the plane's ground speed to be 65 miles per hour. Pacing the Corvette as he was, he determined the speed of that vehicle to be the same as that of the airplane, 65 miles per hour.

The declarations further disclose Brown advised Officer Harman who was in the patrol car in the vicinity of the speeding Corvette and he stopped the Corvette. Brown confirmed from the air the stopped vehicle was the same one he had paced by plane. Harman then issued the driver, Darby, the citation subject of this proceeding.

Upon reading the declarations of Brown and Harman, the trial judge found the evidence had been obtained by virtue of a "speed trap"; such evidence was excluded by Vehicle Code sections 40803 and 40804, subdivision (a); and the court was without jurisdiction by virtue of Vehicle Code section 40805. The court dismissed the case. The People appeal, contending the evidence was not obtained by use of the forbidden "speed trap." The superior court affirmed the judgment of the municipal court.

This case is identical to *People* v. *Echols,* 46 Cal.App.3d Supp. 1 [120 Cal.Rptr. 375], and we support the result reached there.

The use of measured markers on the highway to verify the air speed of the officer in the airplane is appropriate. It goes without saying the air speed indicator is not as accurate in measuring ground speed as the speedometer of a vehicle. Head or tail winds can have a distinct effect on the indicator's accuracy. A correlation between speed shown on the air speed indicator and actual ground speed must be made.

This correlation would require consideration of numerous facts affecting air speed but the most efficient method to determine the ground speed of an airplane is by use of measured miles the airplane traverses in a given time. This information allows the officer to correct the air speed (adjusted air speed) to reflect true ground speed. If the airplane is following the speeding vehicle at the same rate, the officer will then know the vehicle's ground speed. Using adjusted air speed, the airborne officer

following the speeder is in no different position than an officer in a patrol car on the ground who performs the same function. That officer has calibrated his speedometer on a machine in the shop using measured distances or electronic equipment to be sure the tire sizes and other variables are compensated for and true ground speed is accurately reported. He then only follows the speeder.

■ The use of measured miles to correlate air speed to ground speed is not a speed trap as defined in Vehicle Code sections 40801, 40802 and 40803. A "speed trap" is defined in relevant part by Vehicle Code section 40802 as follows: "A 'speed trap' is either of the following: (a) A particular section of a highway measured as to distance and with boundaries marked, designated, or otherwise determined in order that the speed of a vehicle may be calculated by securing the time it takes the vehicle to travel the known distance." In the case of *In re Beamer,* 133 Cal.App.2d 63, 68 [283 P.2d 356] the court in discussing former Vehicle Code section 751, subdivision (b) (now § 40802, subd. (a)), said in examining radar as a "speed trap": "[t]he only type of 'speed trap' prohibited by section 751 has four characteristics: (1) A particular section of a highway, (2) measured as to distance, (3) with boundaries marked, designated or otherwise determined, and (4) the speed of the vehicle calculated by computing the time it takes the vehicle to travel the known distance. If any one of these elements is absent the device does not fall within the prohibition of the section."

In the case before us, no "particular section" of the highway was used by the airborne officer to determine Darby's speed. Any section could be used to adjust the air speed and it is not necessarily the same measured distance which is used for determining the vehicle's speed. As a matter of fact, the greatest accuracy would be obtained by noting adjusted air speed before as well as immediately after determining the vehicle's ground speed. Nothing in the record here suggests the vehicle traversed a full measured mile while speeding for the issuance of the citation. A speed trap would necessarily include the entire measured distance while the method used here might determine Darby was speeding for a period more or less than the measured distance.

In applying the test of the use of a speed trap as *Beamer* points out, the fact is the speed of the vehicle is simply *not* calculated by computing the time it takes Darby's vehicle to travel the known distance. The officer

calculated the speed of the vehicle because he noted the vehicle was traveling at the same speed his airplane was traveling, which was 65 miles per hour.

Judgment reversed and remanded for further proceedings consistent with this opinion.

Staniforth, J., and Wiener, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 25, 1979.