Opinion
SAETA, J.
Defendant was charged with and convicted of violating Vehicle Code section 22350, driving 53 miles per hour in a 30-mile-per-hour zone. It was stipulated that radar was used in determining defendant’s speed. Therefore the burden was placed on the prosecution to demonstrate the existence of an engineering and traffic survey to justify the speed limit. People v. Halopoff (1976) 60 Cal.App.3d Supp. 1 [131 Cal.Rptr. 531]. The prosecutor produced a copy of such a speed survey and offered it in evidence. Defendant challenged this document on grounds of hearsay, authenticity and secondary evidence and further objected to the court taking judicial notice of the document or its contents. The statement on appeal shows that the trial court “did not purport to take judicial notice of the document or its contents.” Because of the approach we take, we need not determine whether this enigmatic statement means that the trial judge declined to take judicial notice or simply did not say whether he had or had not taken such notice. The court did overrule defendant’s objections and admitted the survey in evidence as a sufficiently certified official record in compliance with section 1280 of the Evidence Code.[1] Defendant appeals, raising the same evidentiary objections he raised in the trial court.
The exhibit in question is part of the record on appeal. It is entitled: “Speed Zone Survey City of Los Angeles Department of Traffic S.S. Taylor City Traffic Engineer.” The speed studies were performed December 9, 1975. Stamped on this copy is the legend: “City of Los Angeles Department of Traffic Certified A True Copy Survey Section” and the initials “JMQ.” We turn now to defendant’s evidentiary challenges.
*Supp. 19 Secondary evidence; This document purports to be a copy of an official record within the meaning of section 1530. It appears from its face to be published by a public entity, the City of Los Angeles. (§ 1530, subd. (a)(1).) The copy is certified as “a true copy” which we deem to be the equivalent of the words “a correct copy” as used in section 1531. The rules relating to secondary evidence of official records are satisfied in this case.
Authentication: Defendant challenges the authentication of the certification of the copy of the survey by noting that the person who certified the document only used his initials, not his full name or signature. Authentication of a writing is required before secondary evidence of its content may be received in evidence. (§ 1401, subd. (b).) Authentication may be accomplished by a variety of means and the manner in which it is accomplished is not limited by the ways set out in sections 1410 to 1421. “Authentication” is defined as “the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is ....” (§ 1400.) Authentication can come from the content of the writing itself as well as from subscribing witnesses. Here the trial court held that the rubber stamp and initials were sufficient to authenticate the document. While the signature of a public employee is presumed to be genuine and authorized (§ 1453) we cannot say that initials, in lieu of a signature, may not be used by the trial court in finding authenticity of a public document.[2] The court here did not err in basing its decision on the authenticity of the certification on the rubber stamp and initials found on the copy of the survey.
Hearsay. The official records exception to the hearsay rule, section 1280, applies here. Three foundational elements must be shown: (a) the writing was made by and within the scope of duty of a public employee; (b) the writing was made at or near the time of the act, condition or event; and (c) the sources of information and method and time of preparation were such as to indicate its trustworthiness. (§ 1280, subds. (a), (b) and (c).) Proof of these elements must be made by the testimony of witnesses or by the court taking judicial notice. (People v. *Supp. 20 Flaxman (1977) 74 Cal.App.3d Supp. 16 [141 Cal.Rptr. 799].) No testimony was offered in the trial court to establish the foundation required by section 1280. Even if the trial court did not take judicial notice here, we, as a reviewing court, are entitled to take judicial notice. (§ 459.) Pursuant to that section and section 455, subdivision (a) we have allowed the parties the opportunity to comment on our taking judicial notice. We have not been told of any substantive problem with the traffic survey itself or of any lack of trustworthiness in the document or its contents. Therefore, pursuant to section 452, subdivision (h) we take judicial notice (as facts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy) of the foundational facts of the survey as required by section 1280. The survey appears to be made by public employees within their duties. (Veh. Code, §§ 40802, subd. (b); 22354 through 22358.3; 627.) The document itself bears the dates of all the work done on the survey from the speed studies to adoption of the results. The writing thus appears to be made contemporaneously with the survey. The survey appears to be comprehensive in the factors considered, the description of the road and adjoining properties, the speeds of cars travelling the road and accident history. The sources of information—mainly from the field—and the method and time of preparation appear trustworthy. The identity of this document and its trustworthiness satisfy us that it was proper to admit the survey in evidence as an official record within the meaning of section 1280.
The copy of the speed survey having been properly authenticated and certified, and judicial notice having established the foundation for its admission as an official record, the exhibit was properly admitted and defendant’s conviction must stand.
The judgment is affirmed.
Cole, P. J., and Dowds, J., concurred.

All further section references are to sections of the Evidence Code unless otherwise noted.

We observe, however, that Black’s Law Dictionary, (4th ed. 1951) page 1553, in defining “signature” notes that “whatever mark, symbol or device one may choose to employ as representative of himself is sufficient.” See also Berdan v. Berdan (1940) 39 Cal.App.2d 478, 483 [103 P.2d 622] where the court mentions with apparent approval a concession by respondent that if the word “Mother” was so intended by the person using it, such word would constitute a legally binding signature.