Opinion
FAINER, P. J.
Defendant was convicted of violating the basic speed law (Veh. Code, § 22350). The citing officer’s testimony, based on the use of radar, established that defendant was traveling at 46 miles per hour in a 30 mile-per-hour zone. On appeal it is claimed that the officer’s testimony was incompetent because the engineering and traffic survey produced by the prosecution did not justify the posted speed.
*Supp. 9 If, indeed, the survey were not shown to justify the posted speed, the section of street covered by the survey would be a speed trap (Veh. Code, § 40802, subd. (b)) and the officer’s radar evidence of defendant’s speed would be rendered incompetent as to the speed obtained through the use of the speed trap. (Veh. Code, § 40804;) People v. Flaxman (1977) 74 Cal.App.3d Supp. 16 [141 Cal.Rptr. 799]; People v. Sterritt (1976) 65 Cal.App.3d Supp. 1 [135 Cal.Rptr. 522]; People v. Halopoff (1976) 60 Cal.App.3d Supp. 1 [131 Cal.Rptr. 531].) The People bear the burden of establishing that the survey justifies the posted speed by producing the survey. (People v. Sterritt, supra, 65 Cal.App.3d Supp. 1, at Supp. p. 6 fn. 4; People v. Flaxman, supra, 74 Cal.App.3d Supp. 16, at Supp. p. 19.)
Defendant argues that since the survey shows a prevailing speed of 35.4 miles per hour, the posted speed of 30 miles per hour was not justified by the survey.
Vehicle Code section 627 states, in part, as follows: “An engineering and traffic survey shall include, among other requirements deemed necessary by the Department [of Transportation], consideration of the following:
“(a) Prevailing speeds as determined by traffic engineering measurements.
“(b) Accident records.
“(c) Highway, traffic and roadside conditions not readily apparent to the driver.”
With these guidelines in mind, the survey in question is quite sufficient to justify a speed limit of 30 miles per hour. It indicates that 85 percent of the traffic travels at 35.4 miles per hour or less and that a desirable speed limit would be 35 miles per hour. Speed-related accidents are not excessive. Under the category of traffic and roadside conditions which are not readily apparent, it lists the area as densely commercial with many driveways and crosswalks; with heavy parking and high turnover. Under additional remarks, it is noted that the speed (presumably the prevailing or desirable speed of 35 miles per hour) should be reduced by 5 miles per hour. Finally, the survey recommends a speed of 30 miles per hour. The upper-right corner of the survey bears the initials and dates indicating approval. There is sufficient evidence *Supp. 10 for the trial court to have concluded, as it did, that the posted speed was shown to be reasonable by the survey.
We have no record of what was argued in the trial court other than a docket notation that the only defense was a legal defense presented by counsel. The engineering and traffic survey was admitted into evidence, apparently upon information sufficient to enable the trial court to take judicial notice of the survey. (Evid. Code, § 453, subd. (b); see People v. Flaxman, supra, 74 Cal.App.3d Supp. 16.) There is no record of any objection to the actual admission of this document.
On appeal, defendant argues that the survey is not valid even though, on its face, it appears to be a survey of the area in question. He claims this on two grounds: First, there is no indication of who conducted it; and, second, it appears not to have been conducted within five years of the date of the citation. As explained in People v. Flaxman, “. . . a court may admit a certified copy of an engineering and traffic survey provided it satisfies Evidence Code sections 1530 and 1453, by way of taking judicial notice. The trial judge must be persuaded that its identity and trustworthiness, as evidenced by its mode of preparation3 as described in the survey, satisfy the requirements of Evidence Code section 452, subdivision (h).4”[1] *(At Supp. p. 22.)
The present survey satisfies all of the requirements listed in Flaxman. It is prepared on a document titled “City of Long Beach Engineering & Traffic Survey (CVC Sec. 627).”
All the pertinent factors of Vehicle Code section 627 are discussed and the copy received by the court was certified to be a true and correct copy by the City Clerk of the City of Long Beach. The document is initialed by the person who approved its recommendation. The fact that the name of the person who prepared it is not shown on the actual survey does not preclude the trial court from taking judicial notice.
Defendant’s claim that the survey was not prepared within five years has no merit. It was approved on October 26, 1976, and again on October 11, 1977. The traffic measurements were conducted in September of 1977 and the other factors were also considered at that time. This *Supp. 11 date was within the time defendant was cited for, tried and convicted of the Vehicle Code speeding violation.
The People satisfied their burden of proof by providing a facially adequate survey. If defendant wished to present additional evidence in the trial court to refute the People’s showing, it was incumbent upon him to do so. The record on appeal does not disclose any such evidence. (Cooper v. County of Los Angeles (1977) 69 Cal.App.3d 529, 539 [122 Cal.Rptr. 464, 76 A.L.R.3d 1210]; see People v. Merriam (1967) 66 Cal.2d 390, 397 [58 Cal.Rptr. 1, 426 P.2d 161].)
The judgment is affirmed.
Foster, J., and Bernstein, J., concurred.

 Footnote 3 in Flaxman sets forth Vehicle Code section 627 and refers to the Department of Transportation Traflic Manual. Footnote 4 sets out Evidence Code section 452, subdivision (h) with regard to judicial notice.