Opinion
THE COURT.*
This is an appeal from the Municipal Court for the Santa Clara County Judicial District. Appellant appeals a judgment of conviction of an infraction violation of Vehicle Code section 22350 (excessive speed) involving the use of radar.
The matter came on regularly for hearing before this court with Scott Peterson appearing in propria persona, and Kenneth Rosenblatt, Deputy District Attorney, appearing on behalf of respondent.
*Supp. 9 The matter has been fully briefed, and oral arguments were heard on December 5, 1985, and the matter was thereupon submitted to the court for decision. The court has considered all arguments made, and has read and considered all authorities cited, and all documents on file herein.
It is the order of the court that the judgment of the municipal court be reversed and the matter remanded for a new trial.
Appellant was cited by Officer Ponce on November 13, 1984, for driving 46 miles per hour (mph) in an area with a posted speed limit of 30 mph. Appellant’s speed was measured by radar at 46 mph and visually at about 40 mph.
At trial, Officer Ponce testified that the area where appellant was cited had been surveyed for the use of radar and that the survey was current. The officer further testified that the radar was serviced by the City of Cupertino regularly and that he was trained in the use of radar and how to calibrate it, but that he was not an expert in the internal workings of the radar. Officer Ponce testified that he calibrated the radar before and after each citation and found it had been accurate with no deviation; that it was functioning properly and was being used properly.
The officer was not qualified to testify as an expert witness. The court took judicial notice of use, veracity, and accuracy of radar as a scientific means of determining the speed of a moving object, to wit, a motor vehicle.
Appellant testified that he was not speeding and that there were vehicles between him and the radar so as to make the radar’s aim at him questionable. Appellant also cross-examined Officer Ponce relating to the radar unit, its working and proper operation.
On appeal, appellant contends that the prosecution failed to comply with Vehicle Code section 40803 and recent case law by not physically producing the engineering and traffic survey in court.

Failure to comply with Vehicle Code section 40803, subdivision (b); the People’s duty to produce the engineering and traffic survey.

The use of radar on a section of a highway with a prima facie speed limit not justified by an engineering and traffic survey taken within five years is defined as a speed trap. (Veh. Code, § 40802.) Vehicle Code section 40803, subdivision (b) states that in any prosecution involving speeding when radar is used, the prosecution “shall establish,” as part of its prima facie case, the lack of a speed trap. “Evidence that a traffic and engineering *Supp. 10 survey has been conducted within five years of the date of the alleged violation or evidence that the offense was committed on a local street or road . . . shall constitute a prima facie case that the evidence or testimony is not based upon a speed trap . . . .” (Veh. Code, § 40803, subd. (b).) The Appellate Department of the Los Angeles County Superior Court has clearly and consistently required the People to demonstrate the existence of the engineering and traffic survey in cases where radar is involved by physically producing the survey in the courtroom unless the defendant stipulates that the People need not produce it. (People v. Halopoff (1976) 60 Cal.App.3d Supp. 1, 5 [131 Cal.Rptr. 531]; People v. Sterritt (1976) 65 Cal.App.3d Supp. 1, 6, fn. 4 [135 Cal.Rptr. 522]; People v. Flaxman (1977) 74 Cal.App.3d Supp. 16, 19 [141 Cal.Rptr. 799].)
We agree with the decisions of the Appellate Department of the Los Angeles County Superior Court insofar as they hold that in speeding cases involving the use of radar the defendant has the right to challenge the traffic and engineering survey and the prosecution has the burden of producing the survey. (People v. Halopoff supra; People v. Smith (1981) 118 Cal.App.3d Supp. 7.) However, we hold that the prosecution satisfies this burden if it lodges a certified copy of the survey with the court and the court takes judicial notice of the survey. The defendant then under Evidence Code section 455 would have the right to examine the survey in order to substantiate his/her challenge. Thus, the defendant has the burden of explicitly asking for the survey. In addition to requesting the survey, the defendant has the burden of proving its inadequacy. {People v. Smith, supra.)
The record in this case fails to show that a certified copy of the engineering and traffic survey was lodged with the court and judicial notice taken. Nor does the record show that a copy of the survey was produced in open court in accordance with People v. Halopoff, supra, 60 Cal.App.3d Supp. 1; People v. Sterritt, supra, 65 Cal.App.3d Supp. 1, and People v. Flaxman, supra, 75 Cal.App.3d Supp. 16. Accordingly, appellant’s conviction must be reversed.

Before Hastings, R J., Chapman, J., and Creed, J.