Opinion
GOLDSTEIN, P. J.
In these two unrelated cases we address an issue that arises with some frequency in speeding cases where radar has been used to enforce a posted speed limit. Can the People meet their initial burden of showing that the combination of a prima facie speed limit and the use of radar enforcement did not create a speed trap with no more than the citing officer’s testimony as to the existence and contents of a current engineering and traffic survey for the pertinent segment of roadway? They cannot.
We hold that the People, whenever radar is involved in the enforcement of a posted speed limit, must produce, in the courtroom, either the original traffic and engineering survey for the location of the citation or a certified copy of that survey which (1) was conducted within the five years preceding the alleged violation and (2) justifies the posted speed limit.
Facts
Defendant Earnest was cited by Sergeant Smith of the Santa Ana Police Department for driving through a 35-mile-per-hour zone at 48 miles per hour. Defendant Perlman was cited by Officer O’Connor, also of the Santa Ana Police Department, for driving through a 40-mile-per-hour zone at 55 miles per hour. The officers were using radar. The defendants were tried on the same day before the same judge and, according to the respective settled statements, neither of the citing officers produced in the courtroom a current engineering and traffic survey justifying the posted speed limits, but both testified that such a survey had been conducted within the past five years.[1]
 The People argue that both officers “testified from the certified copy of *Supp. 21 the engineering and traffic survey,” which would indicate that the certified copy was present in the courtroom; however, this court must presume that the settled statement certified by the trial court is an accurate account of the trial. (People v. Beltran (1981) 124 Cal.App.3d 335, 340 [177 Cal.Rptr. 262]; Cross v. Tustin (1951) 37 Cal.2d 821, 826 [236 P.2d 142].) Both defendants were found guilty of violating Vehicle Code section 22350 and ordered to pay fines. These appeals followed.
Discussion
Appellants’ primary argument is simple—that the citing officers’ testimony about the engineering and traffic surveys conducted on the pertinent segments of roadway was insufficient to rebut the presumption of a speed trap that arose when those officers used radar to enforce posted speed limits. We agree.
It is the People’s burden, as a part of their prima facie case in any Vehicle Code section 22350 prosecution where radar is involved, to demonstrate that a motorist exceeding the posted speed limit was not snared in an illegal speed trap and, unless the People can show that the offense occurred on a “local road,”[2] they must produce a traffic and engineering survey, no more than five years old, that justifies the posted speed limit. (Veh. Code, §§ 40801, 40802, subd. (b), 40803; People v. Goulet (1992) 13 Cal.App.4th Supp. 1, 9 [17 Cal.Rptr.2d 801]; People v. DiFiore (1987) 197 Cal.App.3d Supp. 26, 30 [243 Cal.Rptr. 359]; People v. Peterson (1986) 181 Cal.App.3d Supp. 7, 10 [226 Cal.Rptr. 544]; People v. Flaxman (1977) 74 Cal.App.3d Supp. 16, 22 [141 Cal.Rptr. 799]; People v. Sterritt (1976) 65 Cal.App.3d Supp. 1, 6, fn. 4 [135 Cal.Rptr. 522]; People v. Halopoff (1976) 60 Cal.App.3d Supp. 1, 5 [131 Cal.Rptr. 531].) If the People fail to demonstrate the nonexistence of a speed trap, no evidence as to the vehicle’s speed may be admitted (Veh. Code, § 40803, subd. (a)), the citing officer is not competent to testify (Veh. Code, § 40804), and, if such evidence is admitted, the court has no jurisdiction to convict (Veh. Code, § 40805).
It is beyond dispute that the Legislature strongly disapproves of speed traps. (See People v. Sullivan (1991) 234 Cal.App.3d 56, 58-59 [285 Cal.Rptr. 553].
*Supp. 22 Here, it is clear from the settled statement that a current engineering and traffic survey (original or certified copy) was not physically present in the courtroom during appellants’ trials.
The People have trotted out one of their standard arguments—that the presence of the engineering and traffic survey in the courtroom is not required since their only burden under Vehicle Code section 40803, subdivision (c) is to submit “evidence . . . that a survey was conducted within five years." The thrust of that argument is that the existence of the survey— regardless of the contents—is sufficient to rebut the presumption of a speed trap. We are not persuaded by the argument. Under that theory, the People could rebut the presumption of a speed trap on a roadway with a posted speed limit of 25 miles per hour by merely submitting evidence that a survey had been conducted within the past 5 years, even though it established that the posted speed limit should have been 50 miles per hour (say, because the 85th percentile was between 50 and 54 miles per hour and there were no hidden hazards to justify a reduction below the first 5-mile-per-hour increment below the 85th percentile [see § 8-03.3.B.2.b of the Cal. Dept, of Transportation Traffic Manual]).
Vehicle Code section 40803 provides that: “(a) No evidence as to the speed of a vehicle upon a highway shall be admitted in any court upon the trial of any person in any prosecution under this code upon a charge involving the speed of a vehicle when the evidence is based upon or obtained from or by the maintenance or use of a speed trap.
“(b) In any prosecution under this code of a charge involving the speed of a vehicle, where enforcement involves the use of radar or other electronic devices which measure the speed of moving objects, the prosecution shall establish, as part of its prima facie case, that the evidence or testimony presented is not based upon a speed trap as defined in subdivision (b) of Section 40802.[3]
“(c) When a traffic and engineering survey is required pursuant to subdivision (b) of Section 40802, evidence that a traffic and engineering survey has been conducted within five years of the date of the alleged violation or *Supp. 23 evidence that the offense was committed on a local street or road as defined in subdivision (b) of Section 40802 shall constitute a prima facie case that the evidence or testimony is not based upon a speed trap as defined in subdivision (b) of Section 40802.”
In their responding briefs, the People contend: “The language of this statute is clear and unambiguous. The fact that a survey had been conducted and considered as evidence by the trial court established the prima facie case that the evidence of appellant’s speed was not the result of a speed trap, and, in the instant case, appellant has not refuted this fact. The speed trap statutes are a creature of the legislature, not the courts. When the legislature passes a statute which establishes what evidence constitutes a prima facie case (i.e., which evidence is not based on a speed trap), there is no need for the court to interpret the statute.” (Original italics.)
When read with the other statutes in the anti-speed-trap legislative scheme, Vehicle Code section 40803, subdivision (c) requires more of the People than they are willing to concede. Since Vehicle Code section 40803 must be harmonized with Vehicle Code section 40802 (People v. Comingore (1977) 20 Cal.3d 142, 147 [141 Cal.Rptr. 542, 570 P.2d 723]; Bowland v. Municipal Court (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081]), the People’s burden under Vehicle Code section 40803, subdivision (c) of producing “evidence” that a traffic and engineering survey was conducted within the five-year period prior to the date of the violation cannot be met unless the “evidence” produced demonstrates that the posted speed limit was justified by the data in the traffic and engineering survey. Appellate departments statewide have held that the only acceptable “evidence” is either the original engineering and traffic survey or a certified copy of the survey. Although their opinions are not binding authority outside their respective counties (People v. Corners (1985) 176 Cal.App.3d 139, 146 [221 Cal.Rptr. 387]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 777, pp. 747-748), we find that the appellate departments which have considered the issue and have followed the rationale first stated in People v. Halopoff, supra, 60 Cal.App.3d Supp. 1, place an appropriate burden on the People in radar-involved speeding cases.
Because the People did not produce either the original engineering and traffic survey or a certified copy of it demonstrating that the posted speed limits on the pertinent segments of roadway were justified by current engineering and traffic surveys, none of their evidence as to the defendants’ speeds was admissible (Veh. Code, § 40803, subd. (a)), they did not make a prima facie case against the defendants (Veh. Code, § 40803, subd. (b)), their only witnesses were incompetent to testify as to the defendants’ speeds *Supp. 24 (Veh. Code, § 40804, subd. (a)), and the court had no jurisdiction to convict the defendants of violating Vehicle Code section 22350 (Veh. Code, § 40805).
Having concluded that reversals are required in both trials because the People failed to produce either the original engineering and traffic survey or certified copy of that survey, we do not address the other issues raised by the defendants.
Disposition
The judgments are reversed and the causes are remanded with directions to dismiss the charges against defendant Wendy Earnest and defendant Robert Perlman. (People v. Kriss (1979) 96 Cal.App.3d 913, 921 [158 Cal.Rptr. 420].)
McDonald, J., and Choate, J., concurred.

According to defendant Earnest’s settled statement: “[I]n support of the 35 m.p.h posted speed limit, a certified copy of an engineering and traffic survey, conducted within 5 years of the date of the alleged violation was testified to. This showed the 85th percentile to be 38 m.p.h.”
According to defendant Perlman’s settled statement: “[I]n support of the 40 m.p.h. posted speed limit, a certified copy of an engineering and traffic survey, conducted within 5 years of *Supp. 21 the date of the alleged violation was testified to. This showed the 85th percentile to be 47 m.p.h.”

Pursuant to Vehicle Code section 40802, subdivision (b), the People can rebut the presumption of a speed trap by showing, at trial, that the offense was committed on a local road, i.e., one designated as a “local road” on functional usage and federal-aid system maps as submitted to the Federal Highway Administration or, if not so designated, one that primarily provides access to residential property and that is no more than forty feet wide with not more than one-half mile of uninterrupted length and not more than one traffic lane in each direction.

Vehicle Code section 40802 provides, in pertinent part, that “A ‘speed trap’ is . . . : [5Q • • • [50 (b) A particular section of a highway with a prima facie speed limit provided by this code or by local ordinance pursuant to paragraph (1) of subdivision (b) of Section 22352, or established pursuant to Section 22354, 22357, 22358, or 22358.3, which speed limit is not justified by an engineering and traffic survey conducted within five years prior to the date of the alleged violation, and where enforcement involves the use of radar or other electronic devices which measure the speed of moving objects. This subdivision does not apply to local streets and roads.”