Opinion
GOLDSTEIN, P. J.
We find that the People cannot rebut the presumption of a speed trap, which arises whenever radar is used to enforce a prima facie *Supp. 27 speed limit, by producing a summary of the current engineering and traffic survey for the pertinent segment of roadway.
Facts
Newport Beach Police Department Officer Burgen used his hand-held radar unit to determine that defendant Neal Barnett Ellis’s speed ranged between 42 and 45 miles per hour as he traveled through a 25-mile-per-hour zone. At trial, Officer Burgen produced a summary of a November 1990 engineering and traffic survey for the pertinent segment of roadway which indicated that the 85th percentile speed was 27 miles per hour. Officer Burgen told the court that the police department did not possess the actual survey, only the summary, and the court told defendant Ellis that the actual survey “would probably” be located at the Newport Beach Traffic and Engineering Department. Defendant Ellis was found guilty of violating Vehicle Code section 22350.[1]
Discussion
This appeal presents a very clear issue: can the People rebut the presumption of a speed trap with a “summary” of an engineering and traffic survey or must they produce either the original survey or a certified copy of the survey? Here, the only document produced by the People to justify the 25-mile-per-hour speed limit on the pertinent segment of Bayshore Drive was a “summary” of the survey conducted on that roadway segment in November 1990.
The Legislature disapproves of speed traps and has enacted a number of statutes to discourage their use.[2] Appellate department opinions construing those statutes have consistently held that the People are required to rebut the *Supp. 28 presumption of a speed trap that arises whenever radar is used in the enforcement of a posted speed limit on a nonlocal street or highway by demonstrating that the posted speed limit was justified by a current traffic and engineering survey. (People v. Halopoff (1976) 60 Cal.App.3d Supp. 1 [131 Cal.Rptr. 531]; People v. Sterritt (1976) 65 Cal.App.3d Supp. 1 [135 Cal.Rptr. 522]; People v. Flaxman (1977) 74 Cal.App.3d 16 [141 Cal.Rptr. 799]; People v. Smith (1981) 118 Cal.App.3d Supp. 7 [173 Cal.Rptr. 659]; People v. Stone (1987) 190 Cal.App.3d Supp. 1 [236 Cal.Rptr. 140]; People v. DiFiore (1987) 197 Cal.App.3d Supp. 26 [243 Cal. Rptr. 359]; People v. Goulet (1992) 13 Cal.App.4th Supp. 1 [17 Cal.Rptr.2d 801].)
The People agree that they have the initial burden of producing an engineering and traffic survey but urge that the document they produced at this trial was sufficient. They cite People v. Peterson (1986) 181 Cal.App.3d Supp. 7 [226 Cal.Rptr. 544] for the proposition that the defendant had the burden of requesting the survey. “We agree with the decisions of the Appellate Department of the Los Angeles Superior Court insofar as they hold that in speeding cases involving the use of radar the defendant has the right to challenge the traffic and engineering survey and the prosecution has the burden of producing the survey. (People v. Halopoff [(1976) 60 Cal.App.3d Supp. 1 (131 Cal.Rptr. 531)]; People v. Smith (1981) 118 Cal.App.3d Supp. 7 [173 Cal.Rptr. 659].) However, we hold that the prosecution satisfies this burden if it lodges a certified copy of the survey with the court and the court takes judicial notice of the survey. The defendant then under Evidence Code section 455 would have the right to examine the survey in order to substantiate his/her challenge. Thus, the defendant has the burden of explicitly asking for the survey. In addition to requesting the survey, the defendant has the burden of proving its inadequacy. (People v. Smith, supra.)” (Id. at p. 10.)
If People v. Peterson, supra, 181 Cal.App.3d Supp. 7, is seen as shifting to the defendant the burden of ensuring that an engineering and traffic survey is - available for review by either the defendant or the court, it is contrary to every other appellate department opinion on the issue since People v. *Supp. 29 Halopoff, supra, 60 Cal.App.3d Supp. 1, which requires the People to produce, in the courtroom, either the original engineering and traffic survey or a certified copy of the survey. If Peterson is seen only as allowing a court to take judicial notice of the contents of an engineering and traffic survey —in lieu of receiving a possibly voluminous document into evidence—after that document has been physically produced in the courtroom, it is consistent with those opinions. In any case, this defendant did explicitly request the survey in a subpoena duces tecum.
The People assert that their production of the summary was sufficient to shift the burden to the defendant to show that the survey was inadequate. Since the summary contained none of the raw data collected during the survey, how could the defendant have shown the survey was inadequate? This summary—which showed an 85th percentile speed of 27 miles an hour and a survey date less than 5 years prior to the date of the offense—is immune from attack, one of the primary reasons it is an unacceptable substitute for the complete survey. However, it is at least possible that a review of the complete survey could have established the existence of a speed trap. For instance, the summary might have erroneously reported the 85th percentile speed or the date, or the survey data might have shown that too few cars were included or that the survey was taken during rush hour. Suggesting, as the lower court did, that appellant could only review the “actual survey” if he found it himself at the Newport Beach Traffic and Engineering Department is inconsistent with the legislative antipathy toward speed traps. Allowing a defendant to attack the adequacy of an engineering and traffic survey is an empty right if the document is not available for his or her use at trial.
We find that the summary of the survey produced by the People is inadequate to meet their burden under Vehicle Code section 40803 and, because the People did not rebut the presumption of a speed trap by producing an engineering and traffic survey, or a certified copy thereof, that justified the 25-mile-per-hour speed limit, none of their evidence regarding the defendant’s speed was admissible (Veh. Code, § 40803, subd. (a)), their only witness was incompetent to testify as to the defendant’s speed (Veh. Code § 40804, subd. (a)), and the lower court had no jurisdiction to convict the defendant of violating Vehicle Code section 22350 (Veh. Code, § 40805).
Because we have concluded that the judgment must be reversed under the speed trap laws, we do not address the remaining grounds for appeal asserted by defendant Ellis.
*Supp. 30 Disposition
The judgment is reversed and the cause is remanded with directions to dismiss the charge against defendant Neal Barnett Ellis. (People v. Kriss (1979) 96 Cal.App.3d 913, 921 [158 Cal.Rptr. 420].)
McDonald, J., and Choate, J., concurred.

“No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property.” (Veh. Code, § 22350.)

Vehicle Code section 40801 prohibits the use of speed traps. Vehicle Code section 40802, subdivision (b) defines a speed trap as a highway with a prima facie speed limit which is not justified by an engineering and traffic survey conducted within the past five years and where enforcement of that speed limit involves the use of radar. Vehicle Code section 40803, subdivision (a) prohibits the admission of any evidence as to the speed of a vehicle in any prosecution under the Vehicle Code of a charge involving the speed of a vehicle where the evidence “is based upon or obtained from or by the maintenance or use of a speed trap.” Vehicle Code section 40803, subdivision (b) requires the People, in any prosecution under the Vehicle Code of a charge involving the speed of a vehicle where enforcement involves radar, to establish as a part of their prima facie case that the evidence of testimony is not based upon a speed trap as defined in section 40802, subdivision (b). Vehicle Code section 40803, subdivision (c) provides that when an engineering and traffic survey is required pursuant to *Supp. 28 section 40802, subdivision (b), evidence that one has been conducted within five years of the date of the alleged violation or evidence that the offense was committed on a local street or road constitutes a prima facie case. Vehicle Code section 40804, subdivision (a) provides that, in any prosecution under the Vehicle Code upon a charge involving the speed of a vehicle, a witness is incompetent to testify if his or her testimony arises from the maintenance or use of a speed trap. Vehicle Code section 40805 deprives a court of jurisdiction to convict for a Vehicle Code violation involving the speed of a vehicle where the court has admitted any evidence or testimony secured in violation of or inadmissible under the speed trap statutes. Vehicle Code section 40808 (added in 1992) provides that subdivision (d) of section 28 of article I of the California Constitution [Proposition 8] does not abrogate the evidentiary provisions of the speed trap statutes.