Opinion
DOWDS, J.
Appellant was convicted of a violation of Vehicle Code section 22348, subdivision (a)[1] which reads as follows; “(a) Notwithstanding Section 22349, 22356, or any other provision of this chapter to the contrary, no person shall drive a vehicle upon a highway at a speed greater than 55 miles per hour.” The People’s witness, a City of Pomona police officer, testified that he observed appellant driving on state Highway 71 and that a printout on his radar unit, verified for accurate *Supp. 37 calibration 10 minutes before, showed appellant to be traveling 74 miles per hour. A 55 miles per hour state speed limit was in effect for that area of Highway 71. In appealing his conviction, appellant’s primary contention is that evidence of his alleged violation was inadmissible under sections 40803, 40804 and 40805 which exclude speed trap evidence. At the time of the alleged offense a speed trap was defined by section 40802 as follows:
“A ‘speed trap’ is either of the following:
“(a) A particular section of a highway measured as to distance and with boundaries marked, designated, or otherwise determined in order that the speed of a vehicle may be calculated by securing the time it takes the vehicle to travel the known distance.
“(b) A particular section of a highway with a prima facie speed limit . . . provided by this code or by local ordinance pursuant to paragraph (1) of subdivision (b) of Section 22352, or established pursuant to Section 22354, 22357, 22358, or 22358.3, which speed limit is not justified by an engineering and traffic survey conducted within five years prior to the date of the alleged violation, and where enforcement involves the use of radar or other electronic devices which measure the speed of moving objects.”
Appellant does not contend that the area in question was a speed trap under subdivision (a) but asserts that subdivision (b) applies and that no engineering and traffic survey was presented to justify the use of radar evidence as required by that subdivision and our opinions in People v. Flaxman (1977) 74 Cal.App.3d Supp. 16 [141 Cal.Rptr. 799], People v. Sterritt (1976) 65 Cal.App.3d Supp. 1 [135 Cal.Rptr. 522] and People v. Halopoff (1976) 60 Cal.App.3d Supp. 1 [131 Cal.Rptr. 531]. Since section 40802 subdivision (b) applies only to a “section of a highway with a prima facie speed limit” we must determine whether the 55 miles per hour state speed limit in effect on Highway 71 at the time of appellant’s alleged infraction was a “prima facie speed limit.” That term is defined in section 22352 which reads as follows:
“The prima facie limits are as follows and the same shall be applicable unless changed as authorized in this code and, if so changed, only when signs have been erected giving notice thereof:
*Supp. 38 “(a) Fifteen miles per hour:
“(1) When traversing a railway grade crossing, if during- the last 100 feet of the approach to the- crossing the driver does not have a clear and unobstructed view of the crossing and of any traffic on the railway for a distance of 400 feet in both directions along such railway. This subdivision does not apply in the case of any railway grade crossing where human flagman is on duty or a clearly visible electrical or mechanical railway crossing signal device is installed but does not then indicate the immediate approach of a railway train or car.
“(2) When traversing any intersection of highways if during the last 100 feet of his approach to the intersection the driver does not have a clear and unobstructed view of the intersection and of any traffic upon all of the highways entering the intersection for a distance of 100 feet along all such highways, except at an intersection protected by stop signs or yield right-of-way signs or controlled by official traffic control signals.
“(3) On any alley.
“(b) Twenty-five miles per hour:
“(1) On any highway other than a state highway, in any business or residence district unless a different speed is determined by local authority under procedures set forth in this code.
“(2) When passing a school building or the grounds thereof, contiguous to a highway and posted with a standard ‘School’ warning sign, while children are going to or leaving such school during opening or closing hours or during the noon recess period. Such prima facie limit shall also apply when passing any school grounds which are not separated from the highway by a fence, gate or other physical barrier while the grounds are in use by children and the highway is posted with a standard ‘School’ warning sign.”
Other sections provide for the increase or decrease of these prima facie limits by state or local authorities based upon special conditions. The effect of a prima facie speed limit is explained by section 22351 reading as follows:
*Supp. 39 “(a) The speed of any vehicle upon a highway not in excess of the limits specified in Section 22352 or established as authorized in this code is lawful unless clearly proved to be in violation of the basic speed law.
“(b) The speed of any vehicle upon a highway in excess of the prima facie speed limits in Section 22352 or established as authorized in this code is prima facie unlawful unless the defendant establishes by competent evidence that the speed in excess of said limits did not constitute a violation of the basic speed law at the time, place and under the conditions then existing.”
Section 22348, subdivision (a) prohibits driving upon a highway at a speed greater than 55 miles per hour “Notwithstanding . . . any other provision of this chapter” and thus the opportunity to prove that the speed did not violate the basic speed law (Veh. Code, § 22350) is not available to a person charged with driving in excess of 55 miles per hour on a highway with such a speed limit, From this we conclude that the area of Highway 71 in question was not a “section of a highway with a prima facie speed limit” and thus no speed trap within the meaning of section 40802 subdivision (b) existed.[2]
Appellant further contends that a Pomona police officer did not have authority to issue a citation in the area in question, but such contention, if proved, would not affect the validity of his conviction. (People v. Gaines (1966) 247 Cal.App.2d 141, 147 [55 Cal.Rptr. 283].) His other contentions are without merit.
The judgment is affirmed.
Cole, P. J., and Saeta, J., concurred.

 All section references are to sections of the Vehicle Code.

This situation is distinguished from one in which a driver is charged with driving in excess of 55 miles per hour on a section of a highway with a prima facie speed limit established pursuant to section 22352. In the instant case the absence of a prima facie speed limit on the section of the highway in question makes section 40802, subdivision (b) inapplicable.