[No. F006504. Fifth Dist. Feb. 26, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
ALFRED ROY GARY, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.

**COUNSEL**

James T. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eddie T. Keller and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FRANSON, Acting P. J.—

STATEMENT OF THE CASE

Appellant was charged with violating Vehicle Code section 23153, subdivision (b) (driving with a blood alcohol level of .10 or more and causing bodily injury) in count one and Vehicle Code section 23153, subdivision (a) (driving while under the influence of alcohol and causing bodily injury) in count two. As to each count, it was alleged that while driving, appellant did an act forbidden by law in that he violated Vehicle Code section 21657, driving the wrong way on a one-way street, Vehicle Code sections 21650 and 530, failing to drive on the roadway, and Vehicle Code sections 22348 and 22350, speeding. Appellant was also charged with having suffered two prior convictions of driving while under the influence of alcohol.

The jury found appellant guilty as charged. He moved for a new trial on the ground that the evidence was insufficient to support the verdict. The trial court denied this motion, determined the offense to be a violation of Vehicle Code section 23153, subdivision (b), and sentenced appellant to state prison for the middle term of three years.

STATEMENT OF FACTS

While Judith Mossa, who lives on a one-way street, was backing her car out of the driveway on May 11, 1985, she had to hit her brakes to avoid colliding with a car which was going the wrong way down the street. The driver of this car swerved to miss Mrs. Mossa, lost control, and crashed into a fence down the road. Mrs. Mossa saw two men in the car and noted that the driver had "long, dark hair."

Gary Mossa heard the crash and went over to the car. The car was lying on the driver's side with the wheels off the ground. When Mr. Mossa looked into the car, he saw appellant lying along the windows on the driver's side, "more or less under the steering wheel," and another person "laying across his head." This other person was described as having light brown hair.

Dale Banks, appellant's nephew and the other occupant of the crashed car, testified that he and appellant had been drinking whiskey, wine and beer that

day. He stated that appellant was driving when the accident occurred. Appellant's blood alcohol level was .31 within three hours of the collision.

Appellant's defense was identity. Appellant's wife testified that when she spoke to Mr. Banks at the hospital, he stated he could not remember who was driving at the time of the accident. Appellant's father testified that he saw Mr. Banks get into the car on the driver's side when Mr. Banks and appellant left his house shortly before the accident. Joseph Mares, who lives near the Mossa residence, stated that he saw a car drive by at a speed in excess of 60 miles per hour. Mr. Mares described the driver as having blond hair and identified appellant as the passenger in the car.

### DISCUSSION

### I

*Whether the jury instructions failed to properly define the crimes charged in the information.*

Vehicle Code section 23153, subdivision (b) provides that "[i]t is unlawful for any person, while having a 0.10 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and, when so driving, do any act forbidden by law or neglect any duty imposed by law in the driving of the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver." Vehicle Code section 23153, subdivision (a) is identical except the required level of intoxication is defined as "while under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug." ▮ The terms "any act forbidden by law" and "any duty imposed by law" refer to acts forbidden by and duties imposed by the Vehicle Code. (*People* v. *Phillips* (1985) 168 Cal.App.3d 642 [214 Cal.Rptr. 417].) In proving that a duty imposed by law was neglected, it is not necessary to prove that any specific section of the Vehicle Code was violated. (Veh. Code, § 23153, subd. (c).)

The information charged appellant with three acts forbidden by law, driving the wrong way down a one-way street, failing to drive on the roadway, and speeding. However, appellant was not charged with neglecting any duty imposed by law.

When defining the charged crimes, the trial court instructed the jury in the language of the statute and thus included the neglect of any duty imposed by law as an alternative element. The court did not define the three underlying acts forbidden by law which were charged in the information. ▮

Appellant alleges that the trial court erred in including instructions on a theory not charged in the information and in failing to define the acts forbidden by law which were charged in the information.

■ "It is settled that in criminal cases, even when not requested, the court must instruct on the general principles of law relevant to the issues raised by the evidence. [Citations.]" (*People* v. *Iverson* (1972) 26 Cal.App.3d 598, 604 [102 Cal.Rptr. 913], disapproved on other grounds in *In re Earley* (1975) 14 Cal.3d 122, 130 [120 Cal.Rptr. 881, 534 P.2d 721].) "At a minimum, it is the court's duty to ensure the jury is adequately instructed on the law governing all elements of the case submitted to it to the extent necessary for a proper determination in conformity with the applicable law. [Citation.]" (*Id.* at pp. 604-605.) "The failure to instruct on an essential element of the offense actually charged is error whenever there is any evidence deserving of any consideration from which the jury could have found in favor of the defendant on the omitted element; . . ." (*People* v. *Hamilton* (1978) 80 Cal.App.3d 124, 133 [145 Cal.Rptr. 429].)

■ Here, by failing to instruct the jury on the charged acts forbidden by law, the trial court failed to instruct on an essential element of the offense. Contrary to respondent's position, it is not clear that appellant's conviction was based on his neglect of a duty imposed by law. However, there is no evidence from which the jury could have found in favor of appellant on the omitted element. The evidence that appellant was doing an act forbidden by law by driving the wrong way down a one-way street was uncontroverted, and no reasonable juror could conclude otherwise. Further, appellant's sole defense was identity. This defense was necessarily rejected by the jury when it returned a guilty verdict. Therefore, the error in failing to instruct on the charged acts forbidden by law was harmless beyond a reasonable doubt. (*Rose* v. *Clark* (1986) 478 U.S. 570 [92 L.Ed.2d 460, 106 S.Ct. 3101].)

■ Appellant also contends that it was error to instruct the jury that the charged crimes could be based on either the doing of an act forbidden by law or the neglect of any duty imposed by law when a neglect of duty was not charged in the information. Although the pleadings should specify which provision of a statute is relied on (*People* v. *Mandell* (1939) 35 Cal.App.2d 368, 372 [95 P.2d 704]), the evidence supported the giving of the contested instructions. Further, the giving of these instructions did not prejudice appellant since the evidence conclusively demonstrated that appellant did an act forbidden by law as charged in the information. (See *People* v. *Soules* (1940) 41 Cal.App.2d 298, 313 [106 P.2d 639].)

## II

*Whether the failure to instruct the jurors that they must unanimously agree on the specific act which proximately caused the passenger's injury was error.*

■ Appellant contends that he was entitled to a sua sponte instruction that the jurors must unanimously agree on at least one of the charged acts forbidden by law. He argues that the act forbidden by law is a significant element of the offense and points out that he was charged with having violated five specific Vehicle Code sections.

■ "It is a fundamental principle of our criminal justice system that the prosecution must prove beyond a reasonable doubt 'every fact necessary to constitute the crime with which ... [the defendant] is charged.' [Citation.] It is also clear where evidence presented to the jury indicates more than one act which may constitute the charged offense, the jury must be instructed it must unanimously agree on the specific criminal act in order to convict the defendant." (*People* v. *Hefner* (1981) 127 Cal.App.3d 88, 96 [179 Cal.Rptr. 336].)

Generally, a unanimity instruction similar to CALJIC No. 17.01 (4th ed. 1979)[1] is required in the situation where multiple acts were proved which in themselves constitute separate chargeable offenses. Appellant's proposition is that where a crime has more than one element, the jury must unanimously agree on the act necessary to constitute that element. As pointed out by the court in *People* v. *Kent* (1981) 125 Cal.App.3d.207 [178 Cal.Rptr. 28], in order to comply with the requirement that the crime charged be proved beyond a reasonable doubt, a defendant's guilt as to each element must be proved beyond a reasonable doubt. Thus, if the facts of a case present a situation where different acts could constitute the same element of an offense, the defendant is entitled to a unanimity instruction. ■ If such an instruction is erroneously not given, the reviewing court must apply the standard set forth in *Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R. 3d 1065] and determine whether the error was harmless beyond a reasonable doubt. (*People* v. *Gordon* (1985) 165 Cal.App.3d 839 [212 Cal.Rptr. 174].)

■ Here, appellant was entitled to a unanimity instruction due to there being three separate acts forbidden by law charged, any one of which could constitute one element of the offense. However, the trial court's failure to give such an instruction was harmless beyond a reasonable doubt. As discussed above, the evidence was conclusive on appellant's violation of the Vehicle Code section which prohibits driving the wrong way down a one-way street, and this violation supports the conviction. Thus, a properly instructed

---

[1]CALJIC No. 17.01 (4th ed. 1979) provides in part that a defendant "... may be found guilty if the proof shows beyond a reasonable doubt that he committed any one or more of such acts, but in order to find the defendant guilty, all the jurors must agree that he committed the same act or acts. It is not necessary that the particular act or acts committed so agreed upon be stated in the verdict."

jury would not have reached a different result on the issue of whether the driver of the car acted in a manner forbidden by law.

### III*

*Whether the trial court failed to exercise its discretion when denying the new trial motion.*

. . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Hamlin J., and Scott (C. F.), J.,† concurred.

---

*See footnote, *ante,* page 1212.
†Assigned by the Chairperson of the Judicial Council.