Opinion
SOVEN, J.
Defendant was convicted of violating the basic speed law (Veh. Code, § 22350).[1] The arresting officer testified that defendant was clocked on radar driving 64 miles per hour on a street posted for 40 miles per hour. Defendant then objected on grounds that the officer had failed to lay a foundation, because the officer had not presented an engineering and traffic survey. The court overruled the objection as not timely. The court erred.
In cases in which a defendant is charged with violating the basic speed law, based on evidence that the defendant exceeded a prima facie or posted speed, and evidence of that speed is obtained through radar, the People are required to produce a current engineering and traffic survey, even without the defendant’s request. (People v. Halopoff (1976) 60 Cal.App.3d Supp. 1, 6 [131 Cal.Rptr. 531]; see §§ 22350, 22351. Here, even though requested by defendant, no survey was produced; the trial court erred. (See People v. Peterson (1986) 181 Cal.App.3d Supp. 7, 10 [226 Cal.Rptr. 544].)
We conclude that defendant was entitled to rely on the anti-speed-trap laws even though the evidence showed that defendant was driving in excess of 55 miles per hour. (§ 22348.)[2] One of the purposes of the anti-speed-trap laws (§§ 40801-40807) is to insure that localities do not post unreasonably low speed limits (see § 40802, subd. (b)). That purpose would be defeated if officers were permitted to testify that a defendant’s speed was both unlawfully excessive, within the meaning of section 22348, and unsafe or unreasonable, within the meaning of section 22350, without complying with the anti-speed-trap laws which require the production of a current survey.
In People v. Flaxman (1977) 74 Cal.App.3d Supp. 16, 19 [141 Cal.Rptr. 799], in which the defendant was convicted of driving at a speed greater than 55 miles per hour in an area posted for 40 miles per hour, the court ruled that “even if a motorist is cited for driving in excess of the ... maximum speed limit ... no evidence can be used that results from a speed trap.” Consistent with Flaxman, in People v. Miller (1979) 90 Cal.App.3d *Supp. 29 Supp. 35, 39 [153 Cal.Rptr. 192], the court held that a defendant charged with violating the maximum speed law (§ 22348), may not rely on the anti-speed-trap laws if charged “with driving in excess of 55 miles per hour on a highway with such a speed limit,” and distinguished that situation “from one in which a driver is charged with driving in excess of 55 miles per hour on a section of a highway with a prima facie speed limit” less than 55 miles per hour. (Id., at p. Supp. 39, fn. 2 (italics added).)
We agree with Flaxman and Miller to the extent that those cases hold or suggest that the anti-speed-trap laws apply, where a defendant is charged with speeding, either under section 22348 or 22350 and evidence is introduced as to the prima facie or posted speed limit. Nevertheless, a defendant who drives at speeds in excess of 55 miles per hour has necessarily violated the maximum speed law, and should not escape punishment because he speeded on a road which might constitute a “speed trap” as to speeds less than 55 miles per hour.
Evidence of speed obtained by radar is not necessarily inadmissible. (See People v. Miller, supra, 90 Cal.App.3d Supp. 35.) Evidence of a driver’s speed upon a highway is inadmissible and the witness incompetent only when a potential “speed trap” is involved. (§§ 40803, subd. (a), 40804, subd. (a).)
A “speed trap,” as relevant, is a “section of a highway with a prima facie speed limit ... not justified by an engineering and traffic survey conducted within five years ... and where enforcement involves the use of radar or other electronic devices____” (§ 40802, subd. (b) (Italics added).) Prima facie speed limits are posted speed limits less than the maximum speed otherwise allowable under the law. (E.g., §§ 22351, 22352, 22354, 22357, 22358.)
A person who drives in excess of the maximum lawful speed has not been subjected to a “speed trap” even if his speed has been detected by radar on a posted road unless the officer relies on the posted or prima facie speed limit. (See People v. Miller, supra, 90 Cal.App.3d Supp. 35, 38, and fn. 2.) The officer who does rely on the posted speed limit improperly benefits from the anti-speed-trap laws, if that officer is permitted to testify to a speed that is both unlawful and excessive, but the posted speed is not justified by a traffic survey.
In summary: If an officer testifies only that he clocked a defendant on radar at a specified speed in excess of 55 miles per hour, no “speed trap” is *Supp. 30 involved, and the anti-speed-trap laws do not apply.[3] If, however, that officer relies on a prima facie or posted speed limit, that officer is incompetent as a witness and any evidence concerning the vehicle’s speed is inadmissible unless an adequate survey is introduced.
We recognize that when a motorist is driving in excess of 55 miles per hour, the officer might cite that driver either for violating section 22348 or section 22350, or both sections. Assuming that an officer has cited that motorist under section 22350,[4] the People would be entitled to amend the complaint to dismiss the charge of violating section 22350 and allege instead a violation of section 22348, providing that the defendant is given an adequate opportunity to respond to the new charge.
In this case, the officer testified that he clocked defendant on radar driving 64 miles per hour on a road posted for 40 miles per hour. The officer thus testified to an apparent speed trap and evidence of defendant’s speed was inadmissible unless the prima facie or posted speed limit was justified by a current engineering and traffic survey. (§ 40802.) No survey was introduced. This case must then be reversed, with directions to dismiss the complaint. (People v. Bighinatti (1975) 55 Cal.App.3d Supp. 5, 7 [127 Cal.Rptr. 310].)
Reese, Acting P. J., concurred.

 All code references are to the Vehicle Code.

 Sections 22348, 22349, and 22356 were amended by Statutes 1987, chapter 25 and chapter 72, to permit speed of up to 65 miles per hour on certain designated rural highways.

 People v. Flaxman, supra, 74 Cal.App.3d Supp. 16, in holding that “no evidence can be used that results from a speed trap” (id., at p. Supp. 19, italics added), and in requiring evidence of a survey, necessarily referred to evidence of a prima facie or posted speed limit.

 An officer might issue a citation under section 22350 through inadvertence or because the burden of proving a speeding offense beyond a reasonable doubt is easier to sustain if the evidence shows that the defendant was driving, for example, 57 miles per hour in a 35-mile-per-hour zone, rather than 57 miles per hour with a maximum permissible speed of 55, and that the trier of fact might impose a greater fine if, in our hypothetical case, the defendant’s speed was excessive by 22, rather than 2, miles per hour.