NEWMAN, J.
I concur.
I write separately, however, to state my disagreement with the conclusion of the majority, in dicta, that in the case of a defendant charged with violating Vehicle Code section 22348,[1] on a street or road which has a prima facie speed limit, the survey justifying such limit must be produced in court if (1) evidence that the driver exceeded 55 miles per hour was obtained through use of radar, and (2) evidence of the prima facie speed limit is presented in the People’s case. Because a speed in excess of 55 miles per hour cannot be too low irrespective of the prima facie speed limit, the purposes of the anti-speed-trap legislation (§§ 40801-40807) are not *Supp. 31 implicated in a prosecution for violating section 22348. Section 22348 provides that 55 miles per hour (in some cases on certain designated rural highways 65 miles per hour) is the maximum speed limit; it cannot be unreasonably low no matter the conditions of the road, weather and traffic. The purpose of the anti-speed-trap legislation is to prevent conviction of drivers for violating the prima facie speed limit by use of radar without a survey to justify that speed limit. If a defendant is convicted of violating section 22348, logic dictates that a survey justifying a prima facie speed limit is unnecessary. Thus, a driver may not be convicted of violating section 22348 based upon a speed trap. Neither an officer nor the offending driver may in any sense rely on the prima facie speed limit in such a prosecution.[2]
The evidentiary problems flowing from the requirement of an engineering and traffic survey do not occur when section 22348 is violated. The purpose of an engineering and traffic survey is to require the Department of Transportation (or the local authority) to justify the posted speed limit so that a driver is not convicted of exceeding an unreasonably low speed limit. When a driver exceeds 55 miles per hour, however, no justification should be required for the posted speed limit (no matter what it is) since under section 22348, 55 (or 65) miles per hour is the maximum speed any driver may travel on any road. Whether the posted speed limit is excessively low is irrelevant when the driver is accused of violating the maximum speed law.
Section 22348 sets out a maximum speed limit for all situations. The maximum is absolute, since by its very language, section 22348 eliminates a driver’s ordinary opportunity (under § 22351, subd. (b)) to show that his speed, although above the posted speed limit, was nonetheless not in violation of section 22350, the basic speed law. Section 22348 states in pertinent part: “Notwithstanding ... any ... provision of this chapter [e.g., § 22351, subd. (b)], no person shall drive a vehicle upon a highway at a speed greater than 55 miles per hour.” Thus, the People should not have to produce at trial an engineering and traffic survey when an officer has determined, by the use of radar, that the defendant exceeded the speed of 55 miles per hour. In so concluding, I proceed beyond the analysis which this court set forth in People v. Miller (1979) 90 Cal.App.3d Supp. 35. I have reconsidered that analysis and argue that its focus was misplaced.
In Miller, we noted that the proscription against speed traps contained in section 40802, subdivision (b), applies to sections of a highway with a prima *Supp. 32 facie speed limit provided by the Vehicle Code or by local ordinance pursuant to the Vehicle Code. We then set about to determine “whether the 55 miles per hour state speed limit in effect on Highway 71 at the time of appellant’s alleged infraction was a ‘prima facie speed limit.’ ” (People v. Miller, supra, 90 Cal.App.3d Supp. 35, 37.) We further noted that section 22351, subdivision (b), allows a driver to defend a speeding charge by showing that he was travelling safely even though he was exceeding the prima facie speed limit, but that section 22348 prohibits driving in excess of 55 miles per hour notwithstanding section 22351, subdivision (b).
Reading section 22348 together with section 22351, subdivision (b), we reasoned that since the “I was driving safely even though exceeding the posted speed limit” defense provided by section 22351, subdivision (b), is not allowed when the defendant exceeded a posted speed limit of 55 miles per hour, then such speed limit cannot be a prima facie speed limit, because section 22351, subdivision (b), states that the defense is available where there is a prima facie speed limit. We further reasoned that since a posted speed limit of 55 miles per hour is not a prima facie speed limit and since the proscription against speed traps provided by section 40802, subdivision (b), applies only to a section of a highway with a prima facie speed limit, then section 40802, subdivision (b), does not apply to a posted speed limit of 55 miles per hour.[3] Under this analysis, an engineering and traffic survey is unnecessary when a driver’s speed is detected with radar in a posted 55-miles-per-hour zone.
Upon further consideration, I now conclude that section 22348 is functionally an exception to the “safe driving” defense which section 22351, subdivision (b), otherwise provides. Section 22348 impliedly recognizes that defense but provides nonetheless that drivers may not drive in excess of 55 miles per hour. This speed restriction applies notwithstanding the posted speed limit. Although we stated in People v. Flaxman (1977) 74 Cal.App.3d Supp. 16, 19 [141 Cal.Rptr. 799], that the anti-speed-trap legislation applied to a section 22348 prosecution, our language there was little more than dictum since the focus of the opinion was the admissibility in the trial court of a certified copy of the traffic and engineering survey in lieu of the original.
In summary, I urge that we reject the focus of our analysis in footnote 2 of People v. Miller, supra, 90 Cal.App.3d at p. Supp. 35, and hold that when *Supp. 33 a driver is accused of violating the maximum speed limit of the Vehicle Code in a trial where the evidence of speed is provided by radar, no engineering and traffic survey need be produced by the People.

 All code references are to the Vehicle Code.

 While I acknowledge the potential burden-of-proof problems and sentencing effects if the prima facie speed limit is admitted in evidence, such factors have nothing to do with the purposes of the anti-speed-trap legislation. (See People v. Halopoff (1976) 60 Cal.App.3d Supp. 1, 5 [131 Cal.Rptr. 531].)

 We took this analysis a step further in footnote 2 of our opinion and said “This situation is distinguished from one in which a driver is charged with driving in excess of 55 miles per hour on a section of a highway with a prima facie speed limit established pursuant to section 22352. ” (People v. Miller, supra, 90 Cal.App.3d at p. Supp. 39.) As discussed below, I now reject this extension of our analysis.