Opinion
NEWMAN, J.
Statement of the Case
In a misdemeanor complaint filed January 27, 1986, defendant was charged with a violation of Penal Code section 192, subdivision (c)(2) (vehicular manslaughter).[1] After a jury trial commencing February 27, 1987, and concluding March 12, 1987, defendant was found guilty. Defendant appeals, condending the judgment should be reversed because the trial court failed to give, sua sponte, a unanimity instruction to the jury. We disagree and affirm.
Facts
On the morning of October 9, 1983, defendant was driving his Ford Ranchero with a passenger westbound on Jefferson Boulevard. After crossing Seventh Avenue at 30 to 35 miles per hour, defendant made an abrupt lane change from the number two to the number one lane. Westbound traffic in front of defendant’s vehicle had come to a stop. Defendant’s vehicle came within one to two car lengths of the stopped cars. Defendant turned his wheel and skidded abruptly across the double yellow lines into oncoming eastbound traffic.
Defendant’s vehicle collided with an ambulance traveling eastbound on Jefferson with its siren on and emergency lights flashing. The ambulance *Supp. 12 driver tried to veer to the right and braked as hard as he could to avoid the accident, but at most a second passed before the “sudden, unavoidable, very traumatic” impact occurred. Defendant’s passenger was killed as a result of the collision. The entire accident sequence took seconds.
A police department accident reconstruction expert testified for the People that defendant was in violation of the following Vehicle Code[2] sections: 21801, subdivision (a), failing to yield to oncoming traffic when making a left turn; 21460, subdivision (a), driving to the left of the double yellow lines; 22107, making an unsafe turning movement; and 21806, failing to yield to emergency vehicles.
Discussion
Defendant contends the judgment should be reversed because the court failed to give, sua sponte, a unanimity instruction to the jury. Defendant suggests an instruction similar to CALJIC No. 17.01[3] should have been given.
When evidence of more than one act that may constitute the charged offense is presented to the jury, it should be instructed that it must agree unanimously on the specific criminal act in order to convict the defendant. (People v. Madden (1981) 116 Cal.App.3d 212, 218-219 [171 Cal.Rptr. 897].)
In order to establish vehicular manslaughter, the prosecution must prove, beyond a reasonable doubt, that the accused either committed an act inherently dangerous to human life or safety amounting to a misdemeanor or infraction, or negligently committed an act ordinarily lawful which might produce death.
The prosecutor argued that defendant committed the following infractions: failing to obey the basic speed law (§ 22350), following too closely (§ 21703), making an unsafe turning movement (§ 22107), driving to the left of the double yellow line (§ 21460), failing to yield to an emergency vehicle (§ 21806, subd. (a)), failing to yield to oncoming traffic (§21801, subd. (a)), and failing to maintain brakes in an operational manner (§ 26453). She also alleged defendant drove in a negligent manner.
*Supp. 13 At no time did the prosecutor elect which of the infractions constituted an unlawful act pursuant to Penal Code section 192, subdivision (c)(2). In fact, the jury was instructed that the unlawful act requirement could be satisfied by a “section or sections of the Vehicle Code.” The People argue no election was necessary because defendant was engaged in a continuous course of conduct.
A continuous course of conduct exception to the unanimity instruction requirement has been found in two situations. First, a unanimity instruction is unnecessary when a series of separate acts, which might not amount to a crime if individually considered, have a cumulative criminal effect—for example, cases of child abuse, failure to provide for a minor child, and pandering. (People v. Epps (1981) 122 Cal.App.3d 691, 702 [176 Cal.Rptr. 332].)
Second, separate acts may result in one crime if they occur within a relatively short time. For example, in People v. McIntyre (1981) 115 Cal.App.3d 899 [176 Cal.Rptr. 3], a forcible rape was followed immediately by forcible oral copulation. The court noted: “The fact that a second forced oral copulation occurred within a few minutes during this sexual attack does not necessarily make this another separate crime any more than it would be true there are separate crimes of battery if the actor throws a right-hand punch to his victim and immediately follows it with a left-hand punch. Similarly, if only one punch lands on the victim, the law does not require the jury to agree on whether it was the right of the left-hand punch which reached its mark.” (Id. at p. 910.)
Although a unanimity instruction is preferable in vehicular manslaughter cases, and given in most, we find applicable the continuous course of conduct exception under the facts of this case.
The evidence pointed overwhelmingly to defendant’s guilt. In a case that took nearly two weeks to try, the jury deliberated less than a day. There were numerous witnesses for the People. According to William Dickey, an independent witness who had a clear view of the incident, the entire driving sequence took seconds from defendant’s lane change to the impact. The distance from the lane change to the point of impact was less than half a block.
Defendant argues that cases finding a continuous course of conduct involve multiple acts constituting the same offense whereas the separate Vehicle Code violations here constitute separately chargeable offenses.
This distinction is not controlling. The separately identified Vehicle Code violations were alternative ways of proving a necessary element of the same *Supp. 14 vehicular manslaughter charge. Here, too, the multiple acts involve the same offense.
In People v. Mitchell (1986) 188 Cal.App.3d 216 [232 Cal.Rptr. 438], appellant argued the trial court committed reversible error in failing to instruct the jury that it must agree unanimously on whether appellant violated the unsafe speed or speed contest statute. The court stated: “[T]he unanimity instruction as to a single act need not be given where the acts proved are ‘just alternate ways of proving a necessary element of the same offense, ’ and do not in themselves constitute separate chargeable offenses. The unsafe speed and speed contest elements of the drunk driving charge here fall within the category of alternate ways of proving a necessary element of the same drunk driving charge. If follows under this analysis the instruction was not required.” (Id. at p. 222. See also People v. Kent (1981) 125 Cal.App.3d 207, 213 [178 Cal.Rptr. 28].)
The violations here were not separable. Defendant’s driving constituted one continuous movement. The unlawful driving pattern if of greater significance than each individual separate driving violation. No juror could disagree that at least one Vehicle Code violation occurred. Defendant committed a generic violation of the Vehicle Code consisting of many different parts. In light of the overwhelming evidence of defendant’s guilt, it was unnecessary for the jury to focus on which violation was committed. (See People v. Jefferson (1954) 123 Cal.App.2d 219, 221 [266 P.2d 564].)[4]
The judgment is affirmed.
Margolis, P. J., and Woods, J., concurred.

Section 192 provides in pertinent part: “Manslaughter is the unlawful killing of a human being without malice. . . . <(
“(c) Vehicular-—
“(2) Except as provided in paragraph (3), driving a vehicle in the commission of an unlawful act, not amounting to a felony, but without gross negligence; or driving a vehicle in the commission of a lawful act which might produce death, in an unlawful manner, but without gross negligence.”

 All further statutory references are to the Vehicle Code unless otherwise stated.

 CALJIC No. 17.01 provides: “The defendant is charged with the oífense of__ He may be found guilty if the proof shows beyond a reasonable doubt that he committed any one or more of such acts, but in order to find the defendant guilty, all the jurors must agree that he committed the same act or acts. It is not necessary that the particular act or acts committed so agreed upon be stated in the verdict.”

People v. Gary (1987) 189 Cal.App.3d 1212 [235 Cal.Rptr. 30], is not controlling since in Gary the court did not consider application of the continuous course of conduct exception to the facts of that case.