Opinion
BRICKNER, J.
This case presents the following question: where a motorist is cited, by the use of radar, for speed in excess of the state maximum speed limit on a nonlocal road with a prima facie speed limit of 50 miles per hour, and where a traffic and engineering survey is not proved at trial, do California’s speed trap laws apply to compel exclusion of all evidence of speed? We hold the answer is “yes.”
Facts
At appellant’s trial, Tustin Police Officer Cartwright testified he visually estimated appellant’s speed at 65 miles per hour on a nonlocal road posted at 50 miles per hour, using radar to confirm appellant’s speed. No admissible evidence of a traffic and engineering survey was offered at trial. Appellant was found guilty, and he appeals.
Discussion
The apparent purpose of the speed trap laws is to prevent the local establishment of unreasonably low speed zones as an adjunct revenue source and, further, to encourage observance of the traffic laws by a visible police presence (People v. Sullivan (1991) 234 Cal.App.3d 56, 58 [285 Cal.Rptr. 553]; People v. Goulet (1992) 13 Cal.App.4th Supp. 1, 3 [17 Cal.Rptr.2d 801]). Thus, one can sensibly argue no purpose is served by enforcing this statutory scheme where a motorist’s speed exceeds the maximum statewide limit. However, after a close reading of the statutes in question, we find the Legislature’s antipathy toward any radar-based prosecution of any speed law violation in any posted zone, where the prima facie speed limit is not justified by proof of a timely engineering survey, is absolute and unequivocal.[1] The statutes, simply, provide no exception in the case of a violation of *Supp. 4 the maximum speed limit[2] (cf. concurring opinion of Judge Newman in People v. DiFiore (1987) 197 Cal.App.3d Supp. 26, 30 [243 Cal.Rptr. 359]).
Disposition
The judgment is reversed.
McDonald, P. J., concurred.

Vehicle Code section 40801 provides, in pertinent part: “No peace officer . . . shall use a speed trap in . . . securing evidence as to the speed of any vehicle for the purpose of . . . prosecution under this code.” (Italics added.)
Vehicle Code section 40802 provides, in pertinent part: “A ‘speed trap’ is . . . [*]Q . . .(b) A particular section of a highway with a prima facie speed limit. . . , which speed limit is *Supp. 4 not justified by an engineering and traffic survey conducted within five years prior to the date of the alleged violation, and where enforcement involves the use of radar . . . .”
Vehicle Code section 40803 provides, in pertinent part: “(a) No evidence as to the speed of a vehicle upon a highway shall be admitted in any court... in any prosecution under this code upon a charge involving the speed of a vehicle when the evidence is based upon or obtained from or by the maintenance or use of a speedtrap.
“(b) In any prosecution under this code of a charge involving the speed of a vehicle, where enforcement involves the use of radar .... the prosecution shall establish, as part of its prima facie case, that the evidence or testimony presented is not based upon a speedtrap as defined in subdivision (b) of Section 40802.” (Italics added.)
Vehicle Code section 40804, subdivision (a), provides, in pertinent part: “In any prosecution under this code upon a charge involving the speed of a vehicle, any officer . . . shall be incompetent as a witness if the testimony is based upon or obtained from or by the maintenance or use of a speed trap.” (Italics added.)
Vehicle Code section 40805 provides that: “Every court shall be without jurisdiction to render a judgment of conviction against any person for a violation of this code involving the speed of a vehicle if the court admits any evidence or testimony secured in violation of, or which is inadmissible under[,] this article.” (Italics added.)

People v. Goodrich (1994) 33 Cal.App.4th Supp. 1 [39 Cal.Rptr.2d 154], published by this appellate department, holds speed trap laws not applicable to school zones. It is distinguishable from the case at bench, however. Vehicle Code section 40802, subdivision (b), which defines speed traps in terms of various Vehicle Code provisions relating to speed limits, excludes by omission Vehicle Code section 22352, subdivision (b). Vehicle Code section 22352, subdivision (b) declares, in absolute terms, a 25-mile-per-hour speed limit in all school zones, rendering the need for traffic and engineering surveys irrelevant.