[No. F027262. Fifth Dist. Feb. 16, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH HOWARD ELLIS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the facts, the defense and part I and III of the discussion.

## COUNSEL

Gail Harper, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Stan Cross and Carlos A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VARTABEDIAN, Acting P. J.**—Defendant, Kenneth Howard Ellis, was driving under the influence of alcohol when the car he was driving rear-ended another vehicle, injuring William Schmidt. He was convicted of numerous offenses, including violations of Vehicle Code section 23153, subdivisions (a) and (b).[1] Subdivision (a) of section 23153 requires the prosecutor to prove that the defendant drove under the influence and concurrently committed an act forbidden by law which caused bodily injury to another person. Subdivision (b) of this section, of which defendant was also convicted, has the same requirements except that instead of driving under the

---

[1] All future code references are to the Vehicle Code unless otherwise noted.

influence the prosecutor needs to prove that the defendant had a blood-alcohol level of .08 percent or above. Defendant appeals, claiming the evidence is insufficient to support his convictions for violating section 23153 because the prosecutor failed to produce substantial evidence proving defendant committed an act forbidden by law (speeding); additionally, he contends the trial court erred in failing to instruct the jury on the definition of speeding.

In the published part of this opinion, we find the trial court erred when it failed to give amplifying instructions defining speeding. In the unpublished portions of the opinion, we find the error is harmless and substantial evidence supports the convictions. We affirm.

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

*Defense**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I.

*Evidence of Speeding**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

II.

*Jury Instruction on Speeding*

Schmidt was driving his Ford Bronco and was stopped at a red light. His car was hit from behind; he felt a huge impact and his car was knocked across the intersection. While it strikes us as odd that defendant was not charged with the failure to stop at a red stop signal (§ 21453), he nevertheless violated the basic speed law (§ 22350).

*See footnote, *ante*, page 1334.

The jury was instructed pursuant to CALJIC No. 12.60, defining felony driving under the influence (§ 23153, subd. (a)): As given by the trial court, the jury instruction provides:

"Defendant is accused in Count 1 of having violated Section 23153(a) of the Vehicle Code, a crime.

"Every person who, while under the influence of any alcoholic beverage, drives a vehicle and concurrently does any act forbidden by law or neglects any duty imposed by law in the driving of such vehicle, which act or neglect causes bodily injury to any person other than himself, is guilty of the crime of a violation of Section 23153(a) of the Vehicle Code, a crime.

"A person is under the influence of any alcoholic beverage when as a result of drinking such alcoholic beverage his physical or mental abilities are impaired so that he no longer has the ability to drive a vehicle with the caution characteristic of a sober person of ordinary prudence, under the same or similar circumstances.

"In order to prove such crime, each of the following elements must be proved:

"1. A person drove a vehicle while under the influence of any alcoholic beverage;

"2. Such person concurrently did some act which violated the law, namely, speeding; and

"3. Such violation of law was a cause of bodily injury to a person other than the driver of the vehicle."[4]

The court defined "under the influence" (CALJIC No. 16.831) and set forth the "but for" test (CALJIC No. 3.401), requiring that the unlawful act must be the cause of the accident resulting in bodily injury. The court did not define "speeding."

Section 22350, the basic speed law, provides: "No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent

---

[4]A nearly identical instruction was given for count II, substituting driving with a blood-alcohol level of .08 percent or higher for the driving under the influence language.

having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property."

■ Defendant asserts that speeding is not a term commonly understood by a jury and the trial court erred in failing to sua sponte instruct the jury on the definition of speeding. Defendant claims that the omission of this instruction removed an element of the case from the jury's consideration.[5]

Defendant places primary reliance on this court's opinion in *People* v. *Gary* (1987) 189 Cal.App.3d 1212 [235 Cal.Rptr. 30], overruled on other grounds in *People* v. *Flood* (1998) 18 Cal.4th 470, 481 [76 Cal.Rptr.2d 180, 957 P.2d 869], interpreting it to hold that the trial court must not only set forth in the instructions the nature of the act forbidden by law, but must give a definition of those acts. Here that definition would be for speeding. While some of the language in *Gary* is susceptible to this interpretation, the actual error found by the *Gary* court was the trial court's failure to set forth in the instructions to the jury the acts forbidden by law; the error was not one of failing to give a definition of the acts. The same holding was reached in *People* v. *Minor* (1994) 28 Cal.App.4th 431 [33 Cal.Rptr.2d 641].

Neither party has cited a case where it was held that the trial court was required to define the term "speeding." Nor has our research disclosed a case determining this question one way or the other. Generally, "[T]he trial court has a sua sponte duty to give amplifying or clarifying instructions ' "where the terms used [in an instruction] have a technical meaning peculiar to the law." ' [Citations.] Conversely, '[a] trial court has no sua sponte duty to give amplifying or clarifying instructions . . . where the terms used in the instructions given are "commonly understood by those familiar with the English language." [Citation.]' [Citation.]" (*People* v. *Richie* (1994) 28 Cal.App.4th 1347, 1360 [34 Cal.Rptr.2d 200].)

The question is whether the definition of speeding in common parlance differs from the legal definition of speeding.

Here the instruction stated that the jury must find that defendant "did some act which violated the law, namely, speeding." It is commonly understood that speeding, in the context of driving a motor vehicle, means driving

---

[5]Defendant was convicted in count II of violating section 23153, subdivision (b). This section is identical to subdivision (a) with the exception that the driving under the influence requirement is deleted and driving with a blood-alcohol level of .08 percent or above is inserted. For purposes of this discussion, it does not matter if the violation is of subdivision (a) or (b). This argument applies to defendant's convictions for both section 23153, subdivision (a) (driving under the influence) and subdivision (b) (driving with a .08 percent or more blood-alcohol level).

a motor vehicle faster than is allowed by law.[6] We believe the most common understanding people have of speeding is driving faster than the posted speed limit. Defendant here was not convicted on a theory that he was driving faster than the maximum posted speed limit, since there was no evidence of the posted speed limit nor was there any meaningful evidence of defendant's exact speed at the time of the accident. Defendant's conviction was based on a violation of the basic speed law.

The question then arises whether common knowledge of the basic speed law is sufficient to simply reference the violation as "speeding" rather than expanding the reference by way of definition. To answer this question, we need to identify what precisely the judge sua sponte could have instructed the jury. Speeding under section 22350 is driving "at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway"; speeding also occurs "at a speed which endangers the safety of persons or property." While these definitions are not terribly technical, they do supply the jury with legal standards to apply to specific considerations. Was the speed *reasonable* in light of the enumerated considerations, such as the traffic on the road? Was defendant's speed *dangerous* to other persons or property? Absent being instructed in these standards for deliberation, jurors may view speeding as occurring anytime one vehicle collides with the rear end of another, regardless of examining questions of circumstance, reasonableness and danger; or they may believe that speeding occurs only when the posted speed limit is exceeded. Thus we cannot say with full confidence that the term "speeding," in the context of a violation of law, in common parlance is regularly associated with driving at a speed greater than is reasonable or prudent, or at a speed which endangers the safety of persons or property. It should also be remembered that to serve on a jury one need not be a licensed driver, and therefore all jurors are not necessarily aware of the "rules of the road." Because the term speeding, in the context of the basic speed law, is not clear and definite, the trial court had a sua sponte duty to give an amplifying or clarifying instruction defining the term.

## III.

### *Harmless Error*[*]

·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

[6]This is the definition given in the American Heritage Dictionary for speeding.
[*]See footnote, *ante*, page 1334.

## Disposition

Based upon our unpublished discussion finding harmless error, we affirm the judgment.

Thaxter, J., and Wiseman, J., concurred.