Opinion
EL WELL, P. J.
Facts
Appellant Bahram Behjat was cited on August 6, 1999, for violating Vehicle Code section 22350 (basic speed law).[1] He pled not guilty and the case proceeded to a court trial. The record of court proceedings is contained in the court’s settled statement on appeal.
Testifying for the People, Upland Police Officer East said he was on 11th Street watching Mountain Avenue when he saw appellant’s vehicle approaching the intersection at a speed he visually estimated to be in excess of 55 miles per hour. His radar beam, which was unobstructed by intervening vehicles, showed appellant was traveling at 59 miles per hour. His radar unit *Supp. 3 had been calibrated and field-checked earlier in his shift. Officer East offered into evidence a document referred to in the settled statement as a “radar speed survey,” which the court apparently evaluated and then returned. There was no evidence concerning traffic or road conditions, visibility, the weather, or the posted speed limit.[2]
Appellant testified in his own behalf. He denied speeding, indicating he was traveling at approximately 43 miles per hour. He offered a diagram to show that the officer’s vehicle was located in a spot from which he could not have obtained a radar lock on appellant’s vehicle.
The court found Officer East had a good field of vision and had obtained the radar reading on appellant’s vehicle. The court then found appellant guilty and imposed a $146 fine. This appeal followed.
Discussion
Appellant maintains on appeal, as below, that the officer could not have obtained a radar reading on his vehicle. We construe this argument as a challenge to the sufficiency of the evidence supporting appellant’s conviction.
Appellant was charged with violating Vehicle Code section 22350 (basic speed law) which states: “No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property.” No conviction can be sustained unless the record contains substantial evidence supporting each element of the charged offense. (People v. Johnson (1980) 26 Cal.3d 557, 576-577 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) In a prosecution under Vehicle Code section 22350, the record must contain substantial evidence from which a fact finder could conclude either that the defendant drove at a speed that endangered people or property or that he drove at a speed that was unreasonable for the driving conditions.[3] (People v. Ellis (1999) 69 Cal.App.4th 1334, 1339 [82 Cal.Rptr.2d 409] [discussing statutory elements of basic speed law violation].) This record contains no such evidence.
*Supp. 4 The evidence shows only that appellant drove 59 miles per hour. The record, however, contains no, evidence supporting a finding that this sp,eed violated the basic speed law. First, it contains no.facts suggesting,.anything or anyone was endangered. Nor does it contain information from which any particular speed could be found to be reasonable or unreasonable. That is, the record does not contain evidence on the weather, visibility, traffic volume, or road conditions when appellant was stopped. Moreover, while the settled statement indicates the People introduced a radar speed survey, which may refer to an engineering and traffic survey under Vehicle Code sections 40802 and 40803, the record neglects to indicate what pertinent information bearing upon the factors listed in Vehicle Code section 22350 the survey may have contained.[4]
In light of the foregoing, the record fails to contain substantial evidence supporting the conviction.
Disposition
The judgment is reversed.
Ludvigsen, J., concurred.

The notice to appear reads “V.C. 22350—radar speed.”

The citation indicates the posted speed limit was 40 miles per hour; however, the citation is not evidence.

By charging only a violation of the basic speed law, the People have made their case more difficult to prove than if they had charged appellant under the appropriate statute prohibiting driving in excess of the posted speed limit. (Veh. Code, § 22351.)

For instance, surveys can contain information on immutable road conditions indicating the need for a particular stretch of road to be posted for speeds lower than the state maximum.