106 Cal.Rptr.2d 820 (2000)
88 Cal.App.4th Supp. 1
The PEOPLE, Plaintiff and Respondent,
v.
Carl Edwin HUFFMAN, Defendant and Appellant.
No. CR.A.3634.
Appellate Division, Superior Court, San Bernardino County.
November 22, 2000.
*821 Carl Edwin Huffman, defendant and appellant in propria persona.
No appearance for plaintiff and respondent.

OPINION
FULLER, J.

FACTS
Appellant, Carl Edwin Huffman, was charged with violating Vehicle Code section 22350, subdivision (a) (basic speed law) for driving 66 miles per hour in an area posted as a 50 mile-per-hour zone.[1] He pled not guilty and the case proceeded to a court trial. The evidence at trial is taken from the settled statement on appeal.
San Bernardino Sheriff's Deputy R. Thacker testified that, while on routine patrol at 11:15 a.m. on October 12, 1999, he saw appellant driving eastbound on Bear Valley Road at a speed he estimated to be above the speed limit. Thacker's laser detection unit, which had been calibrated that morning, showed appellant was traveling 66 miles per hour. The settled statement indicates the area is "posted and surveyed" for a maximum speed of 50 miles per hour.
Appellant testified he was traveling at 45 miles per hour and complained that Thacker had hidden himself rather than making himself visible.
The court found appellant guilty and assessed a fine of $100. This appeal followed.

DISCUSSION
Appellant's brief repeats his contentions at trial. We take this to be a *822 challenge to the sufficiency of the evidence required to sustain a conviction.
Appellant was charged with violating Vehicle Code section 22350 (basic speed law), which states: "No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property."
No conviction can be sustained unless the record contains substantial evidence supporting each element of the charged offense. (People v. Johnson (1980) 26 Cal.3d 557, 576-577, 162 Cal. Rptr. 431, 606 P.2d 738.) In a prosecution under Vehicle Code section 22350, the record must contain substantial evidence from which a fact finder could conclude that the defendant drove at a speed that either endangered people or property or was unreasonable for the driving conditions. (People v. Ellis (1999) 69 Cal.App.4th 1334, 1339, 82 Cal.Rptr.2d 409 [discussing statutory elements of basic speed law violation].) If the section 22350 charge rests on an allegation that defendant exceeded a posted or prima facie speed limit, the People must introduce into evidence or permanently lodge with the court a certified copy of a traffic and engineering survey, made within the past five years, justifying that speed limit. (People v. DiFiore (1987) 243 Cal.Rptr. 359, 197 Cal.App.3d Supp. 26, 28-29.) If the court finds the survey does justify the speed limit, then the burden shifts to the defendant to prove his speed was nevertheless safe under the circumstances. (Veh.Code, § 22351, subd.(b).) On the other hand, if a survey is required but not introduced, the officer is incompetent to testify as to the defendant's speed. (Veh.Code, §§ 40802, 40804.)
Here, while the settled statement refers to the area being "surveyed" for 50 miles per hour, it fails to indicate that the People introduced the statutorily required traffic and engineering survey, and if so, when it was prepared and whether it justifies the speed appellant is alleged to have exceeded.
In light of the foregoing, the record fails to contain substantial evidence supporting the conviction.

DISPOSITION
The judgment is reversed.
ELWELL, P.J., concurring.
I concur with the result, but not entirely with the majority's reasoning. I would hold the record fails to support a conviction under Vehicle Code section 22350 because the record contains no evidence showing defendant drove "at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway," or "at a speed which endangers the safety of persons or property" as explicitly required by the statute. In my view, when the People choose to charge solely under section 22350, they assume the burden of proving defendant's speed was unsafe by introducing evidence concerning factors bearing upon safety at the time appellant was cited. A current traffic and engineering survey might bear upon these factors: For example, such a survey could contain information on immutable road conditions making speeds over the posted limit unsafe regardless of weather or traffic. If so, however, the record must set forth these factors with particularity.
If the People wish to avoid having to affirmatively prove that the defendant drove unsafely under the circumstances, they have the option of charging under a more explicit statute, such as Vehicle Code *823 section 22351, subdivision (b).[1] Unlike the majority, I construe section 22351 as a charging statute that prohibits driving in excess of prima facie or posted speed limits, not merely as a statute shifting the burden of proof in a prosecution charging a violation of Vehicle Code section 22350. Thus, if defendant had been charged with violating 22351, I would agree the People could satisfy their burden simply by introducing a current survey justifying the posted speed and showing defendant exceeded that speed. I do not, however, believe this showing is adequate if the only charge is a violation of section 22350.
On October 12, 2000, this court issued its opinion in People v. Behjat (84 Cal.App. Supp. 1, 101 Cal.Rptr.2d 193 (2000).). In that case, as in this one, the three-judge panel agreed that a conviction for violating Vehicle Code section 22350 had to be reversed for lack of substantial evidence, but split on the significance of Vehicle Code section 22351 in a "basic speed law" prosecution. In footnote 3 of the Behjat majority opinion, in which I participated, the court noted the People's case had been made more difficult because of their failure to charge under a more specific statute, such as Vehicle Code section 22351. The concurring opinion reasoned, however, that section 22351 is not a charging statute but merely a statute to allocate the burden of proof in prosecutions under section 22350. A different panel of this court now faces the same question about section 22351 and once again is divided.
We certified Behjat for publication. The Court of Appeal thereafter considered whether to transfer the case to itself in order to "resolve conflicting authority" or "deal with an unsettled issue of law." (See Cal. Rules of Court, rule 62(a).) On October 19, 2000, the Court issued its order refusing to transfer, on the ground that no conflict or unsettled law existed. In light of Behjat and the instant case, the four judges of the appellate division are now equally divided on the question of section 22351's role in a basic speed law prosecution.
NOTES
[1] He was also charged with failing to wear his seat belt (Veh.Code, § 27315, subd. (d)) but he was never tried on this charge. We presume it was dismissed.
[1] Section 22351, subdivision (b) reads "The speed of any vehicle upon a highway in excess of the prima facie speed limits in Section 22352 or established as authorized in this code is prima facie unlawful unless the defendant establishes by competent evidence that the speed in excess of said limits did not constitute a violation of the basic speed law at the time, place and under the conditions then existing."