Opinion
FULLER, J.
Facts
Appellant, Carl Edwin Huffman, was charged with violating Vehicle Code section 22350, subdivision (a) (basic speed law) for driving 66 miles per *Supp. 3 hour in an area posted as a 50-mile-per-hour zone.[1] He pled not guilty and the case proceeded to a court trial. The evidence at trial is taken from the settled statement on appeal.
San Bernardino Sheriff’s Deputy R. Thacker testified that, while on routine patrol at 11:15 a.m. on October 12, 1999, he saw appellant driving eastbound on Bear Valley Road at a speed he estimated to be above the speed limit. Thacker’s laser detection unit, which had been calibrated that morning, showed appellant was traveling 66 miles per hour. The settled statement indicates the area is “posted and surveyed” for a maximum speed of 50 miles per hour.
Appellant testified he was traveling at 45 miles per hour and complained that Thacker had hidden himself rather than making himself visible.
The court found appellant guilty and assessed a fine of $100. This appeal followed.
Discussion
Appellant’s brief repeats his contentions at trial. We take this to be a challenge to the sufficiency of the evidence required to sustain a conviction.
Appellant was charged with violating Vehicle Code section 22350 (basic speed law), which states: “No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property.”
No conviction can be sustained unless the record contains substantial evidence supporting each element of the charged offense. (People v. Johnson (1980) 26 Cal.3d 557, 576-577 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) In a prosecution under Vehicle Code section 22350, the record must contain substantial evidence from which a fact finder could conclude that the defendant drove at a speed that either endangered people or property or was unreasonable for the driving conditions. (People v. Ellis (1999) 69 Cal.App.4th 1334, 1339 [82 Cal.Rptr.2d 409] [discussing statutory elements of basic speed law violation].) If the section 22350 charge rests on an allegation that the defendant exceeded a posted or prima facie speed limit, the People must introduce into evidence or permanently lodge *Supp. 4 with the court a certified copy of a traffic and engineering survey, made within the past five years, justifying that speed limit. (People v. DiFiore (1987) 197 Cal.App.3d Supp. 26, 28-29 [243 Cal.Rptr. 359].) If the court finds the survey does justify the speed limit, then the burden shifts to the defendant to prove his speed was nevertheless safe under the circumstances. (Veh. Code, § 22351, subd. (b).) On the other hand, if a survey is required but not introduced, the officer is incompetent to testify as to the defendant’s speed. (Veh. Code, §§ 40802, 40804.)
Here, while the settled statement refers to the area being “surveyed” for 50 miles per hour, it fails to indicate that the People introduced the statutorily required traffic and engineering survey, and if so, when it was prepared and whether it justifies the speed appellant is alleged to have exceeded.
In light of the foregoing, the record fails to contain substantial evidence supporting the conviction.
Disposition
The judgment is reversed.
Wilde, J., concurred.

 He was also charged with failing to wear his seat belt (Veh. Code, § 27315, subd. (d)), but he was never tried on this charge. We presume it was dismissed.