ELWELL, P. J.
concur with the result, but not entirely with the majority’s reasoning. I would hold the record fails to support a conviction under Vehicle Code section 22350 because the record contains no evidence showing defendant drove “at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway,” or “at a speed which endangers the safety of persons or property” as explicitly required by the statute. In my view, when the People choose to charge solely under section 22350, they assume the burden of proving defendant’s speed was unsafe by introducing evidence concerning factors bearing upon safety at the time appellant was cited. A current traffic and engineering survey might bear upon these factors: For example, such a survey could contain information on immutable road conditions making speeds over the posted limit unsafe regardless of weather or traffic. If so, however, the record must set forth these factors with particularity.
If the People wish to avoid having to affirmatively prove that the defendant drove unsafely under the circumstances, they have the option of charging *Supp. 5 under a more explicit statute, such as Vehicle Code section 22351, subdivision (b).[1] Unlike the majority, I construe section 22351 as a charging statute that prohibits driving in excess of prima facie or posted speed limits, not merely as a statute shifting the burden of proof in a prosecution charging a violation of Vehicle Code section 22350. Thus, if defendant had been charged with violating section 22351,1 would agree the People could satisfy their burden simply by introducing a current survey justifying the posted speed and showing defendant exceeded that speed. I do not, however, believe this showing is adequate if the only charge is a violation of section 22350.
On October 12, 2000, this court issued its opinion in People v. Behjat (2000) 84 Cal.App.4th Supp. 1 [101 Cal.Rptr.2d 193]). In that case, as in this one, the three-judge panel agreed that a conviction for violating Vehicle Code section 22350 had to be reversed for lack of substantial evidence, but split on the significance of Vehicle Code section 22351 in a “basic speed law” prosecution. In footnote 3 of the Behjat majority opinion (in which I participated), the court noted the People’s case had been made more difficult because of their failure to charge under a more specific statute, such as Vehicle Code section 22351. The concurring opinion reasoned, however, that section 22351 is not a charging statute but merely a statute to allocate the burden of proof in prosecutions under section 22350. A different panel of this court now faces the same question about section 22351 and once again is divided.
We certified Behjat for publication. The Court of Appeal thereafter considered whether to transfer the case to itself in order to “resolve conflicting authority” or “deal with an unsettled issue of law.” (See Cal. Rules of Court, rule 62(a).) On October 19, 2000, the court issued its order refusing to transfer, on the ground that no conflict or unsettled law existed. In light of Behjat and the instant case, the four judges of the appellate division are now equally divided on the question of Vehicle Code section 2235l’s role in a basic speed law prosecution.

 Section 22351, subdivision (b) reads, “The speed of any vehicle upon a highway in excess of the prima facie speed limits in Section 22352 or established as authorized in this code is prima facie unlawful unless the defendant establishes by competent evidence that the speed in excess of said limits did not constitute a violation of the basic speed law at the time, place and under the conditions then existing.”